ALEX. DUREN ET AL. V. ADALINE STRONG.

*(Case No. 4104.)*

1. TRESPASS TO TRY TITLE.— Land was held in peaceable possession through a tenant for five years, and taxes paid under a lost deed which did not connect the claimant with the sovereignty of the soil, but which had been deposited before possession began with the clerk for registration, though never recorded. The claimant brought trespass to try title against one to whom the tenant sold his improvements, and attorned, without notice to his former landlord: *Held*, that a judgment in favor of the plaintiff was proper on the ground of prior possession, without regard to the question of limitation.

APPEAL from Navarro. Tried below before the Hon. D. M. Prendergast.

Suit in trespass to try title, brought by Adaline Strong, widow of Charles Strong, who died in the year 1870, devising to his wife all of his Texas lands. She alleged seizin and ouster by appellants, and also five years' peaceable possession, etc. Appellants plead not guilty and the three and five years' statutes of limitation. The facts were as follows:

In the summer of 1854, Charles Strong, a citizen of the state of Georgia, came to Navarro county, Texas, and while there bought from Ethan Melton three hundred and eighty acres of land (the tract in controversy), part of the Thomas Morrow league, and known as the Thomas Morrow, Jr., tract. It was not shown that Melton had title. Shortly after the transaction Strong left for Georgia, but gave instructions to his agent, G. A. Rakestraw, to receive the deed from Melton and have it recorded. The deed was acknowledged by Melton and delivered to Rakestraw the next month, and by him deposited with R. N. White, clerk of the county court of Navarro county, for record. The deed was lost or destroyed, and was never recorded. Rakestraw continued agent of Strong until 1867, when Brooks went into possession as tenant of Strong. Brooks lived on the tract in controversy from March, 1870, until November, 1876, as tenant as the heirs of Strong,

53  379
89  630
89  646
91  592

though claiming to hold during the last few months of his stay for defendants, paying some taxes.

Defendants' evidence was:

1. Grant from the state to Thomas Morrow, Sr., of one league of land in Navarro county, dated May 17, 1851.

2. Bond for title from Thomas Morrow, Jr., to J. R. Melton, calling for 680 acres, dated September 10, 1852.

3. Bond for title from J. R. Melton to D. R. Mitchell, calling for 669 acres, dated May 13, 1853.

4. Conveyances from the Mitchell heirs to defendants, the first of which was dated August, 1876. No deed was shown from Thomas Morrow, Sr., to Thomas Morrow, Jr., and the identity of the land in controversy with that described in the title bond from Thomas Morrow was not shown.

D. R. Mitchell died in December, 1853. His estate was administered by his son, W. H. Mitchell, and his son-in-law, Wells, both of whom died before this claim was made by the heirs. Neither D. R. Mitchell nor his heirs ever claimed the tract in controversy. It never appeared on any of the inventories of the estate of D. R. Mitchell, although the bond was recorded.

In spring, 1867, the attorneys of the Mitchell heirs gave notice to Brooks that they claimed the tract he was living on for their clients, and demanded possession.

Brooks refused to give up the land, claiming to hold as tenant of Strong, but finally in June, 1876, on the payment of $425, made a deed to his improvements to the Mitchell heirs, and attorned to them, no notice being given to Strong of the fact. There was no evidence that Mrs. Adaline Strong was aware of the fact that Brooks pretended to hold against her. It was proved that the vendee of the Mitchell heirs knew that Brooks was tenant of Mrs. Strong.

*E. N. Read* for appellants. — A tenant in possession under a lease from one claiming the land can attorn to an adverse claimant. Andrews *v.* Richardson, 21 Tex., 295,

and authorities there cited; Hudson *v.* Wheeler, 34 Tex., 356. In the case of Gillespie *v.* Jones, 26 Tex., 347, this court, in the course of its decision, remarks with reference to a tenant who was in possession under a written lease from his landlord and who makes some declarations adverse to his landlord's title: "He could not have done this, it seems" (*i. e.*, terminate his landlord's possession), "even by attorning to" "the plaintiff, after the execution of the lease." But in the case at bar the circumstances were entirely different. Brooks did not attorn to defendant's vendors until after the expiration of his contract of lease with Strong, even if said contract could ever have been considered a valid one after the death of Strong, and the failure of his devisor to renew or perform her part of it.

*Beaton & Damon* for appellee.— Appellee was entitled to recover by virtue of her priority of possession without proof of any title, the defendants being naked trespassers; for it is now a well established principle that a prior occupancy is sufficient title against a wrongdoer. Wilson *v.* Palmer, 18 Tex., 595; Lea *v.* Hernandez, 10 Tex., 139; Alexander *v.* Gilliam, 39 Tex., 234; Christy *v.* Scott, 14 How., 282; 2 Saund., 112; Jackson *v.* Hazen, 2 Johns., 22.

GOULD, ASSOCIATE JUSTICE.— The case was tried by the court without a jury, and the record does not show what were the conclusions of fact or how arrived at by the court.

In our opinion the judgment rendered may be supported on the ground of the prior possession of appellee, whether that possession was under a deed duly registered within the meaning of the statute of limitations of five years or not. The effort of defendants to show color of title in themselves failed, by reason of the failure to identify the land conveyed in the title bond from Thomas Morrow to J. R. Melton with the

NOTE.—Features of this case which were ably discussed by counsel on both sides, have been omitted in the statement of the case, as not necessary, in view of the opinion.

land in controversy. The plaintiff having clearly established a prior peaceable possession never abandoned, and the defendants having failed to show any right to disturb that possession, the judgment in favor of plaintiff should stand. The evidence of Ham and others, and testimony admitted apparently without objection, leaves little room to apprehend that the judgment operates any injustice to those claiming under D. R. Mitchell.

The judgment is affirmed.

AFFIRMED.

[Opinion rendered May 28, 1880.]