T. W. HOUSE ET AL. v. WM. REAVIS ET AL.

No. 432.—Decided June 1, 1896.

## 1. Prior Possession of Land—Outstanding Title—Presumption.

The prima facie right to recover land established by proof of former possession is not defeated by the introduction of a patent from the State as showing outstanding title. The inference from the former possession includes the presumption that the State had parted with title to some one and the possessor had acquired that title. (Pp. 631 to 633.)

## 2. Same—Query.

Can one who takes forcible possession of real estate by ousting the actual possessor defeat his right to recover on his prior possession by showing an outstanding title? (P. 631.)

## 3. Same—Res Judicata—Effect of Judgment in Forcible Entry and Detainer.

The right to recover land in trespass to try title on proof of former possession, of which the plaintiff has been deprived unlawfully and without his consent, is not lost by an adverse judgment in a suit for forcible entry and detainer brought by him against the dispossessor. The provision of the statute that in such suit the merits of the title shall not be inquired into protects the evidences of title, and the effect of prior possession as an evidence of title is not affected by such judgment; the provision that the judgment shall not bar actions of trespass refers to actions of trespass to try title. (Pp. 633 to 635.)

## 4. Same—Fact Case.

Plaintiff in a suit of trespass to try title had taken possession of the land and held it for two years peaceably and under claim of title; he was then dispossessed by defendant unlawfully and without his consent, whereupon he brought a suit of forcible entry and detainer, in which defendant had judgment in both justices' and county courts; having failed in the suit to try title to connect his chain of title with the patent which was introduced in evidence, it was held that he could recover on the strength of his former possession of the land in the absence of evidence to disprove the presumption of title raised thereby; that the patent introduced in evidence did not show an outstanding title as against such presumption; and that the judgment in forcible entry and detainer did not affect his right to recover on proof of his prior possession. (Pp. 629 to 635.)

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Hill County.

Suit for recovery of land by House et al. against Reavis et al. Defendant had judgment in the trial court, which was affirmed on appeal.

*Z. T. Fulmore* and *Vaughan & Jones,* for appellants House et al.— A judgment rendered by a court of competent jurisdiction in a cause properly before it is conclusive of all the questions passed upon and decided by said court, and establishes the existence or non-existence of the issues involved therein, and more especially when such judgment is not attacked. The said judgment is conclusive of the fact that the certificate was transferred by Artimesa Jacobs to Kuttner & Samuels; see the following cases: Holt v. Clemmons, 3 Texas, 423; Hatch v. De La Garza, 22 Texas, 176; Fitch v. Boyer, 51 Texas, 336; Morris v. Turner, 24 S. W. Rep., 959.

Prior occupancy of a tract of land is sufficient title to recover in an action of trespass to try title against a wrongdoer or trespasser who has no

title within himself. Wilson v. Palmer, 18 Texas, 595; Kolb v. Bankhead, 18 Texas, 231; Alexander v. Gilliam, 39 Texas, 228; Parker v. Railway, 71 Texas, 132; Dickey v. Grace, 25 S. W. Rep., 41; Swan v. Busby, 24 S. W. Rep., 303; Gray v. Thompson, 23 S. W. Rep., 926; League v. Snyder, 23 S. W. Rep., 826; Christy v. Scott, 14 Howard (U. S.), 292.

Proof of prior possession of land is sufficient title to recover on against a naked trespasser; or on proof that plaintiffs were in the prior possession of the land sued for before and at the time defendants made an entry on same and that they (defendants) were mere trespassers on said land, judgment should have been rendered for plaintiffs on the strength of their prior possession of said tract of land.

A naked trespasser on land, in the peaceful, adverse and notorious possession of another under a claim of ownership, exercising visible acts of ownership over said land, and causing a fence to be erected around same and paying taxes thereon for a number of years—such trespasser acquires no right as against the party in possession of land as aforesaid, the possessory title of the party in possession being sufficient to recover as against such wrong-doer or trespasser. Alexander v. Gilliam, 39 Texas, 228; Kolb v. Bankhead, 18 Texas, 231; Parker v. Railway, 71 Texas, 132; Dickey v. Grace, 25 S. W. Rep., 40; Snow v. Busby, 24 S. W. Rep., 303; Christie v. Scott, 14 Howard (U. S.), 292.

The court erred in holding that because plaintiffs had shown an outstanding legal title and had failed to connect their title with such outstanding legal title, that plaintiffs could not recover on the strength of their prior possession of the tract of land sued for by them. Alexander v. Gilliam, 39 Texas, 228; Kolb v. Bankhead, 18 Texas, 231; Parker v. Railway, 71 Texas, 132; Christy v. Scott, 14 Howard (U. S.), 292; Rev. Stats., arts. 1187-1189; Rules 4 and 5, 47 Texas, 616; Rev. Stats, arts. 4796-99 and 4785-86; Hammond v. Connolly, 63 Texas, 62.

The court did not err in holding that the forcible entry and detainer suit of A. H. Duff v. W. F. Wallace, filed in Justice Court precinct No. 1, Hill County, Texas, to recover possession of the land described in plaintiffs' original petition, judgment in said cause being in favor of said Wallace and against said Duff, was not res adjudicata as to the question of prior possession, such as would defeat plaintiffs from recovery in this suit under their proof of prior possession of the land in this suit, because the only question involved in said suit of forcible entry and detainer was the right to the actual immediate possession of Duff to said land, the party whose possession was invaded by Wallace and the party who alone could bring said suit of forcible entry and detainer, and the question in the suit at bar was one as to priority of possession by plaintiffs through their agent, A. H. Duff, and in order for a judgment to be res adjudicata of any fact the same subject matter, parties and evidence must have been embraced in the former suit and the issues determined. Revised Statutes of Texas, art. 2450; Clark v. Snow, 24 Texas, 242; Hays v. Porter, 27

Texas, 92; Read v. Allen, 56 Texas, 176; Philipowski v. Spencer, 63 Texas, 607; 56 Texas, 196; 58 Texas, 380; 48 Texas, 508.

*J. B. Reynolds, Bounds & Bounds* and *McKinnon & Carleton,* for appellees.—The recital in the judgment in the case of Fox & Jacobs v. Kuttner & Samuels to the effect that the land upon which a lien was being foreclosed, was the same land that had been located by virtue of a certificate transferred by A. Jacobs to Kuttner & Samuels, does not prove that A. Jacobs sold the certificate to Kuttner & Samuels. A. Jacobs not being a party to this suit. Overand v. Menczer, 83 Texas, 122.

The land certificate in question was not shown to have ever been in the possession of Kuttner & Samuels. If, however, it was in their possession, the mere possession of a land certificate is not evidence of ownership. Shifflet v. Morelle, 68 Texas, 383; Harvey v. Cummings, 68 Texas, 599; Smith v. Sublett, 28 Texas, 163; Herndon v. Devenport, 12 S. W. Rep., 1111.

Appellees were not naked trespassers on the land in controversy. In trespass to try title where plaintiffs rely on prior possession as a basis of recovery, defendants, even though they be naked trespassers, can defeat the action by showing an outstanding legal title. Bates v. Bacon, 66 Texas, 348; Branch v. Baker, 70 Texas, 190; Railway v. Cusenberry, 26 S. W. Rep., 43; Railway v. Ragsdale, 67 Texas, 24; Tobar v. Losano, 6 Texas Civ. App., 698.

Prior possession, to become a basis of recovery, must be shown to be continuous and never abandoned. The possession must be actual, peaceable possession, and these facts must be clearly and unequivocally proved. The facts of this case do not show such possession as the law contemplates and the judgment for defendants was the only correct judgment that could have been rendered. Appellants, therefore, cannot complain. Lea v. Hernandez, 10 Texas, 137; Wilson v. Palmer, 18 Texas, 592; Railway v. Uribe, 85 Texas, 386.

The court erred in his first conclusion of law wherein he found that the judgment in the forcible entry and detainer suit was not res adjudicata of the question of prior possession, because the court found as a fact that Duff, the tenant of plaintiffs, had been in 1890 ousted of his possession of the land in controversy by Wallace, one of the defendants herein, who was acting for himself and other defendants; that Duff sued Wallace in proper court in forcible entry and detainer and that judgment finally went in favor of Wallace; that the facts on which plaintiffs sought to recover in the action of forcible entry and detainer were the same in all material particulars as the facts proven in this case relative to the possession and occupancy of Duff, as tenant of House; that in the forcible entry and detainer case the same land was involved as is involved in this suit, and one of the questions determined in said cause was whether or not Duff, as the tenant of House, had been, prior to the entry of Wallace, in actual possession of the land in controversy; that the issue was the same in both cases; that the forcible entry and de-

tainer suit was brought by Duff, the tenant, and at the instance of, and for the benefit of the plaintiffs in this suit; that Duff was directed to bring the suit by the plaintiffs in this suit; that they paid the costs and attorney's fees in the said forcible entry and detainer case; that they held Duff harmless and protected him from liability in reference to the bringing and prosecution of said suit. The facts so found by the court show that the prior possession of the tenant Duff sought to be made a basis of recovery in this action of trespass to try title had already been litigated in the forcible entry and detainer case, and the conclusion of law was erroneous. Westmoreland v. Richardson, 21 S. W. Rep., 167; Cook v. Carroll Land Co., 25 S. W. Rep., 1034; Cromwell v. Sac. County, 94 U. S., 351; Lovejoy v. Murray, 3 Wall., 1; Robbins v. Chicago, 4 Wall, 658; 12 Am. and Eng. Enc. of Law, 97.

BROWN, ASSOCIATE JUSTICE.—T. W. House, J. H. B. House and E. M. House commenced this suit in the District Court of Hill County against W. F. Wallace, Sidney Mills and William Reavis, to recover a portion of a tract of land patented to A. Jacobs. Mills was the tenant of Reavis. The defendants pleaded not guilty, and the case was tried by the court without a jury, judgment being rendered for the defendants in error.

The land in controversy was patented to A. Jacobs on the 6th day of December, 1860, the patent being introduced in evidence on the trial. The plaintiff produced in evidence a consecutive chain of transfers to the land in controversy from A. H. Kuttner and Jacob Samuels, but did not connect themselves with the patentee.

In the fall of 1888, A. H. Duff, as the tenant of T. W. House, one of the plaintiffs, took possession of the land in controversy and held it from that time to February 22, 1890; during which time Duff's possession was continuous, peaceable and adverse, and the plaintiffs for many years paid taxes on the land. On the 22d day of February, 1890, W. F. Wallace, acting for the defendant William Reavis, took from A. H. Duff the possession of the land in controversy without consent of Duff, and the defendants in error have retained possession of the land from that date to the time of the trial. In the spring of 1890, A. H. Duff, by direction of and on behalf of T. W. House and the other plaintiffs, brought an action of forcible entry and detainer in the Justice Court of the precinct in which the lands lay against W. F. Wallace, which case was tried in the Justice Court and decided in favor of the defendant; from which judgment the plaintiff Duff appealed to the County Court of Hill County, Texas, in which court the case was again tried on the 26th day of May, 1891, and judgment rendered for Wallace. In the forcible entry and detainer case the facts as to the possession of the land by the tenant of House were in all material particulars the same as were introduced in evidence in this case; the same land was involved in the proceeding, and the plaintiff in error maintained a suit, paying the attorney's fees and the cost of the proceeding and indemnified Duff against all damages

for the prosecution of the same. Forcible entry and detainer suit was instituted by Duff for and on behalf of the plaintiffs in error, and was in fact their suit.

One of the muniments of title of plaintiff was a judgment rendered by the District Court of Harris County, Texas, in favor of Fox and Jacobs against Kuttner and Samuels, on the 3d day of December, 1858, for the sum of $1363.03 and costs of suit, and foreclosing a mortgage executed by Kuttner and Samuels upon the land in controversy, in which the land is described as follows: "640 acres of land lying and being in the County of Hill about three and one-half miles southeast of the town of Hillsboro, being the same land located by virtue of Mercers Colony Certificate issued to A. Jacobs and by him transferred to said Kuttner and Samuels."

The defendants claimed the land in controversy through transfers from parties claiming to be the heirs of the patentee, but they did not prove the heirship of the parties under whom they claimed. It was proved that the defendant Reavis stated that he had a deed from one of the heirs of the patentee, but no deed was introduced.

The following questions are presented for our decision:

First: Did the recital in the judgment in favor of Fox and Jacobs against Kuttner and Samuels, to the effect that A. Jacobs transferred his certificate to Kuttner and Samuels, establish or tend to prove such transfer?

Second: If it did not, then were the plaintiffs entitled to recover against the defendants upon their prior possession, notwithstanding the evidence failed to show that A. Jacobs had ever transferred the land or the certificate to anyone?

Third: Did the judgment of the County Court in the action of forcible entry and detainer by Duff against Wallace operate as a bar to plaintiff's right to recover upon the strength of their prior possession?

The facts found by the trial court and adopted by the Court of Civil Appeals show that plaintiffs in this suit were in the actual possession of the land in controversy under a claim of title, and that the defendants, by the acts of one of them, Wallace, entered into and took the possession from plaintiffs' tenant without their consent, and held the same until the trial without any title in themselves. Such possession as was shown to have existed in the plaintiffs of the property in controversy is prima facie evidence of title in them and was sufficient to entitle them to recover against the defendants, unless the evidence was of such a character as to defeat their right. Duren v. Strong, 53 Texas, 379; Caplen v. Drew, 54 Texas, 493; Parker v. Railway, 71 Texas, 133; Plume v. Seward, 4 Cal., 94; Bequette v. Caulfield, 4 Cal., 278; see 60 Am. Dec., 599-615 and notes.

On behalf of the defendants it is contended, and the trial court and Court of Civil Appeals held, that because plaintiffs' title did not connect with the patentee, A. Jacobs, the evidence showed an outstanding title in A. Jacobs or her heirs which was sufficient to defeat the plain-

tiffs' right to recover the land. It is not necessary in this case for us to determine whether or not one who takes forcible possession of real estate by ousting the actual possessor can defeat the right of the person ousted to recover the possession of the property by showing that the title is in some third person. There are strong reasons and good authority to sustain the position that he could not, if it were necessary to assert it in this case. Christy v. Scott, 14 How., 282; Bequette v. Caulfield, cited above; Richardson v. McNulty, 24 Cal., 348.

Granting, for sake of the argument, that such a defense might be made by one who had thus wrongfully and forcibly acquired possession of the property, the question still arises, what must be the character of the proof made as to such outstanding title in order to defeat the right of the prior possessor? The plaintiffs in this case stood before the court with the presumption in their favor as a matter of law that they had the title to the land in fee simple. This constituted a prima facie case and entitled them to recover. The case is not different in its legal effect from that in which the plaintiff and the defendant claimed title to the property in controversy from a common source, in which character of case it has been held by this court that it is not sufficient to defeat the plaintiffs' right of recovery under the prima facie case raised in his favor by the common source of title that the defendant should show that the title has been at some period of time antedating the plaintiffs' title in some third person. Rice v. Railway Company, 87 Texas, 90. In the case last cited, both parties claimed under a common source of title. The defendant introduced a patent to one Mary Hawley and a deed from her to one Morgan to establish an outstanding title superior to the title of the plaintiff. This court held that it was not sufficient evidence to establish the existence of a title outstanding and superior to the rights of the plaintiffs in that case. In delivering the opinion of the court, Justice Gaines, the present Chief Justice of this court, said: "Does mere proof that some one held a title anterior to the time at which the grantor undertook to convey show that at that time he had no title? Clearly not. A state of things once shown to exist is ordinarily presumed to continue, in the absence of proof to the contrary.

"But here the very point presents itself upon which the determination of the question under consideration must turn.

"Evidence that the defendant claims title under the common grantor is prima facie proof that such grantor had the title at the time he undertook to convey the right which the defendant claims; and this necessarily involved the assumption that he had acquired the title of all previous owners. The rule is statutory in this State; and to permit a defendant to defeat its operation by showing the naked fact, that previous to the time the grantor undertook to convey some third party had the title, would render it nugatory. To show that the title to the land in controversy was in some third person before the Cleveland Brothers claimed it, is merely to prove what we knew before, and falls far short of showing that the title was not in them when the decree of partition was

rendered. In other words, proof of title in Morgan does not overcome the prima facie case made by the plaintiff when he introduced evidence showing that the defendants derived their title through deeds which purported to convey the land as the property of Lafayette Cleveland."

The prima facie case made in favor of the plaintiff by proof of actual prior possession of the property was as strong and cogent evidence of title in them as was the evidence of common source in the case cited above, and it would necessarily require as high a degree of proof to defeat the title thus established as it would to defeat that which was established by the claim of both parties under a common source of title. The presumption which is raised in favor of the title of the possessor of land necessarily includes the presumption that the State had parted with the title to the land to some one and that the possessor had acquired that title; otherwise the presumption of title in fee could not exist. It therefore follows as a necessary and logical conclusion, that to prove that such title had passed out of the State establishes no fact which is not included in the presumption of title in the plaintiff; that is, that some person had acquired title from the State prior to that of the plaintiffs, or that the plaintiffs themselves had acquired it from the State, and in the latter case the question could scarcely arise because the plaintiff, having a perfect title direct from the State, would not fail to produce it. The presumption of title in the possessor is indulged in favor of quieting the land titles of the country and to support the possession and right of those who under claim of right hold such possession, but whose chain of title is not complete in all of its parts. If the position taken in this case be established as the law, then the object and purpose of such a presumption which has so long prevailed in common law courts would be defeated, and the title of every possessor of real estate whose chain of title was not perfect would be placed at the mercy of those who either by force, fraud or strategy could secure the possession and thus place the actual and rightful possessor upon proof of a regular chain of title from the government, and in case of failure to do so, could defeat his right by simply showing that the title had passed out of the State, without showing any claim of title in himself.

The proof in this case not only failed to show with any degree of certainty that the plaintiffs had not acquired the title of A. Jacobs, but it was of such a character as to leave little doubt that Jacobs had parted with the title, and that the plaintiffs had acquired it. We doubt, if the court trying the case had found that the plaintiffs had the title of A. Jacobs under the facts and circumstances of this case, that an appellate court would feel justified in saying that the finding was not supported by the evidence. The evidence showed that the land was patented in the name of A. Jacobs, to whom the certificate was issued, and that soon after the grant of the certificate it was under the control of the parties under whom the plaintiffs claimed; that the land was located, surveyed and patented and that dominion was exercised over it by the plaintiffs and those under whom they claim for nearly forty years without any as-

sertion of right or claim to the land by Jacobs or any person claiming under her other than plaintiffs. If this did not show title in the plaintiffs, it was not sufficient to meet the presumption of title which was raised by the fact of actual possession held by them, and of which possession they were wrongfully deprived by the defendants. The evidence was not sufficient to defeat the right of the plaintiff in this case.

The Court of Civil Appeals cites in support of its opinion the cases of Bates v. Bacon, 66 Texas, 348; Branch v. Baker, 70 Texas, 190, and Railway v. Cusenberry, 86 Texas, 525.

In Bates v. Bacon, the plaintiff showed by his own evidence that he had no title, and that his possession was under a title which was absolutely void, and therefore no presumption of title could arise out of his possession under such void title.

In Branch v. Baker, it was objected that Baker could not set up a title acquired by another under the statute of limitations, and the court said that if Baker had been in possession without title, he could have set up the outstanding title to defeat the plaintiff in that case. It appears, however, that Branch had not been in possession of the land and was not relying upon prior possession.

The case of Railway v. Cusenberry is not in point as authority in this case. It was a different character of suit to this, and sound reasons might be assigned for applying a different rule in regard to the rights of the parties in the different classes of cases. It not unfrequently happens that there is apparent conflict in decisions until we consider the character of rights involved. For example, if in the Cusenberry case the plaintiff had owned the land in common with others, he could not have recovered the damages to the land without joining his co-tenants with him. May v. Slade, 24 Texas, 205. If, however, he had been dispossessed of the land by the defendant, he could have recovered the land without being joined by his co-tenants. The presumption of title arising from the possession of real estate has its origin in the necessity for protection to such rights from the contingencies or defects of titles so common in all countries. We, however, deem it unnecessary to enter upon a discussion of the two cases to show a distinction between them. It is sufficient to say that the principles announced in the case of Railway v. Cusenberry are not applicable to the case now before us.

Defendants urge before this court that the judgment of the County Court of Hill County in an action of forcible entry and detainer wherein Duff was plaintiff and Wallace defendant, is a bar to the plaintiff's right to recover in this case. We think that the matter should be treated as if the plaintiffs had been parties to the record of that suit—the facts showing that the suit was prosecuted at their instance and for their benefit. The question as to whether the judgment in that proceeding is a bar to this action must be determined by a construction of the provisions of our Revised Statutes upon that subject, the articles of which bearing upon the question are as follows:

"Article 2529: On the trial of any case of forcible entry or forcible

detainer, under the provisions of this title, the only issue shall be as to the right to actual possession; and the merits of the title shall not be inquired into.

"Art. 2540:   After a trial upon the merits, the proper judgment shall be rendered upon the law and the facts, or upon the verdict of the jury, as the case may be; and the judgment of the County Court finally disposing of the cause shall be conclusive of the litigation, and no further appeal shall be allowed, except where the judgment shall be for damages in an amount exceeding $100.

"Art. 2542:   The proceedings under a forcible entry or forcible detainer shall not bar an action for trespass, damages, waste, rent or mesne profits."

The object of the Legislature in enacting the law of forcible entry and detainer was to provide a summary method by which the party who was ousted from the possession of lands might be restored to the actual possession thereof.   The law denies the right of appeal from the judgment of the County Court, but provides that the judgment of that court shall be conclusive of the litigation, except where the judgment is for damages exceeding $100.   The effect of this language is to end the litigation, in that proceeding, in the County Court, but it was not intended that such final judgment by the County Court should conclude the parties except as to the subject of the litigation which was by the terms of article 2529 the right of actual possession.

By article 2529 the merits of the title could not be inquired into.   By the merits of the title, as used in this article, the Legislature must have meant the evidences of the title, and it being true, as we have already seen, that the actual possession of the land constitutes prima facie evidence of title in fee simple, that possession considered in the light of evidence is the merit of that title.   To make the judgment in this case conclusive as to the question of fact of prior possession by the plaintiffs would be to destroy the probative force of that possession in establishing the title and right of the plaintiffs to the land itself.   This would be in direct conflict with the prohibition of article 2529, that the merits of the title should not be inquired into.

Article 2542 expressly provides that the judgment shall not bar "an action for trespass, damages, waste, rent or mesne profits."   At the time that this law was enacted there was, and now is, but one character of action in which the merits of the title could be asserted or in any way affected, which was an action of trespass to try title.   Taken in connection with the preceding article and considered in view of the object of a proceeding under the statute as a summary   remedy, we think that the action "for trespass," as expressed in article 2542, referred to actions of trespass to try title.   If it had been intended to include only actions on account of trespass upon the land, then the mention of actions for damages would be unnecessary because the action for damages would be included in the action "for trespass" by which damages to the land might be recovered.   The provision of the statute that the judgment in

such proceedings should not bar an action for rents and mesne profits clearly indicates that the question of the right of possession as a matter of title should not be thereby adjudicated, for if it were intended that such effect should be had, then it could not be that a party in whose favor a binding judgment had been rendered establishing the fact that his possession was lawful and his opponent's unlawful, could be held to pay rent upon lands of which he was lawfully seized.

We therefore conclude that so far as the plaintiffs' possession furnished evidence of their title to the land, it was of the merits of the title, and was not affected by the judgment rendered in the action of forcible entry and detainer, and that such judgment constitutes no bar to the recovery of the plaintiffs in this case.

The case having been tried before the court without a jury, and the conclusions of fact found by that court and approved by the Court of Civil Appeals being sufficient to entitle the plaintiff to recover the land, it becomes the duty of this court to enter such judgment upon those findings as the District Court and Court of Civil Appeals should have entered. We therefore reverse the judgments of the District Court and Court of Civil Appeals, and here enter judgment that the plaintiffs recover of the defendants the land in controversy, together with all costs in this behalf expended, and this judgment be certified to the District Court of Hill County for observance and enforcement.

*Reversed and rendered.*