## BRICKELL v. WILSON SYNDICATE TRUST et al.

### No. 10941.

Court of Civil Appeals of Texas. Dallas.

Feb. 28, 1931.

Ernest V. Becker, of Dallas, for appellant.

Sawnie R. Aldredge and Knox W. Sherrill, both of Dallas, for appellees.

VAUGHAN, J.

On August 6, 1930, appellant, Mrs. Jimmie Brickell, filed suit against the Wilson Syndicate Trust and the City National Bank of Dallas, trustee, whose successor in trust

is the First National Bank of Dallas, to recover $5,000 actual and $10,000 exemplary damages, and an additional $2,000 for alleged mental anguish, aggregating $17,000, alleged to have been sustained by reason of certain acts on the part of said City National Bank of Dallas, trustee, and Wilson Syndicate Trust, in repairing and remodeling the Wilson building, part of the trust estate of said Wilson Syndicate Trust, located in the city of Dallas, a portion of which appellant occupied as a tenant.

Appellant, as grounds for recovery, in substance, alleged: That on or about September ———, 1929, she occupied certain space in said Wilson building (suite 317) which she subrented from another tenant thereof; that on October 22, 1929, defendants executed to her a lease contract, leasing to her at a rental of $54 per month the apartment of said building then occupied by her, as stated above; that, soon after the execution of said lease contract, defendants began the work of remodeling said building, especially the ground or first floor, the prosecution of which work interfered with and damaged her "beauty shoppe" business, viz. the Elm street entrance to said building, the principal means of ingress and egress available to her customers, was closed at long intervals; that from the date said work of remodeling was done, and up to the time of the filing of her petition, only one of said entrances was available to her for the use of her customers; that dynamite was set off under her place of business, directly under one of the windows thereto; that disagreeable noise and confusion were created throughout the day by the use of hammers and electric drills; that the gas and steam heat was cut off in midwinter, the electric current turned off, so that she neither had heat, light, or current to operate her electrical equipment, necessary in the treatment of her customers and for her personal comfort; that the telephone was disconnected so her customers could not telephone in for their appointments; that the building was served with two groups of elevators at the time she made her lease, and that same were fully and efficiently operated up to the time said work of remodeling was begun; that since that time only one group has been operated; that in no instance did defendants warn her in advance that they were about to so interfere with her business; that said acts were in complete disregard of her lease contract, unwarranted interferences with her rights, and were committed maliciously and deliberately for the purpose of injuring her in the further prosecution of her business.

By her original petition, appellant sought no other relief than the recovery of damages alleged by her to have been sustained on account of said alleged wrongful acts and conduct.

On September 3, 1930, appellees Wilson Syndicate Trust and the First National Bank, successor in trust to the City National Bank of Dallas, filed their answer, consisting of a general demurrer and general denial. On December 1, 1930, appellant filed her ancillary petition to her original petition for injunctive relief. As disclosed by allegations contained in said ancillary petition, appellant predicated her right to the equitable relief sought on the ground that appellees had, after appellant filed her suit for damages, instituted two suits against her in one of the justice courts of precinct No. 1 Dallas county, Tex., viz. a suit to recover the sum of $216 for past-due rents that had accrued against appellant for the use and occupancy of the premises leased to her by appellees, and caused to be issued a distress warrant, which, with the citation issued out of said suit, were made returnable to the county court of Dallas county at law No. 2.

In reference to the citation issued out of this suit, it was alleged by appellant that same contained the following language: "You are hereby commanded to summon * * * Mrs. Jimmie Brickell * * * to appear before the County Court of Dallas County at Law No. 2 * * * then and there to answer the petition of * * * filed in the said court on the 28th day of October, 1930 against the said Mrs. Jimmie Brickell * * * said suit being numbered 34214, the nature of which demand is as follows: plaintiff alleges that it is the landlord of the said defendant and that the said premises are located in Precinct No. 1, known and designated as suite 317 Wilson Bldg., on Main, Elm and Ervay Streets, Dallas, Dallas County, Texas; plaintiff alleges that the rent is now past due and unpaid on said premises in the sum of $216. Wherefore plaintiff sues for this rent in the sum of $216, interest, foreclosure of landlord's lien and for all costs, etc."

The second suit so filed by appellees was an action of forcible detainer to recover possession of said suite 317, Wilson building. The injunctive relief sought by appellant was solely for the purpose of restraining appellees from prosecuting said suits, on the grounds, as stated by appellant in her ancillary petition, viz.:

"(2) Because the subject matter of the purported suit, to-wit, the said business, the lease contract, the entire contract is now under the jurisdiction of the herein court in the herein lawsuit, and hence could not be subject to either the county court at law of Dallas County No. 2 or the Justice Court of Dallas County Place No. 2, or any other court.

"(3) Because all these otherwise unlawful acts are in contempt of the jurisdiction of this Honorable Court and directly interfere with this court's jurisdiction and seek to decide the very questions and subject-matter

before this court, to-wit, among them, the said lease contract, the said purported offset, if any, the said beauty shop business, part of which is the said equipment."

On an ex parte hearing December 3, 1930, and based on the allegations contained in said ancillary petition, the judge of the trial court entered the following order: "The foregoing petition for injunction being considered, it is ordered that the clerk of the district courts of Dallas County, Texas, issue a writ of injunction in all things as prayed for in the within petition, upon the petitioner executing to the adverse party a bond with good and sufficient security, in the sum of One Thousand Dollars, conditioned as the law requires."

The writ of injunction was duly issued thereunder December 2, 1930. On December 10, 1930, the trial court on its own motion entered an order dissolving said writ of injunction and vacating the order granting same.

In support of her appeal, appellant relies upon the following pronouncement made by our Supreme Court in the case of Cleveland et al. v. Ward, Judge, et al., 116 Tex. 1, 285 S. W. 1063, 1069: "The two cases pending are between identically the same parties, except the Johnson county case has one additional, apparently necessary, defendant. They involve the same subject-matter, identically the same transactions, and the relief in one would be res adjudicata as to the relief prayed for in the other suit. * * * The Johnson county court, having first acquired jurisdiction, may exercise it to dispose of the whole subject-matter of the litigation and adjust all the equities between the parties, and is entitled to do so. * * * The causes of action in the two conflicting trial courts involve the same transaction and the same state of facts. That the two cases present in substance and effect the same cause of action we do not think debatable. A recovery in the Johnson county case canceling the notes and deed of trust involved would necessarily be res adjudicata as against the cause of action asserted on these notes and deed of trust by the respondents herein as plaintiffs in the Dallas county suit. * * * Since jurisdiction attached upon filing the suit in Johnson county, the rule is elementary that it could not be taken away or arrested by the subsequent proceedings in another court."

We do not think this holding has any application to the facts of this case. Appellant's suit is one for the recovery of damages on account of certain acts and conduct alleged to have been committed by defendants, not in any respect involving the right of possession, the validity or invalidity of the lease contract, or the unlawful eviction of appellant. The two suits instituted by appellees only involved the right to recover rents alleged to be due by appellant to appellees, the foreclosure of the landlord's lien, alleged to exist upon property of appellant located in and on the lease premises, and the right of appellant to obtain possession of the premises after the expiration of the term of her lease and demand for such possession had been duly made. House et al. v. Reavis et al., 89 Tex. 626, 35 S. W. 1063. The issues thus presented by the two suits filed by appellees do not, in any respect, involve a question of damages caused by any of the alleged acts and conduct contained in appellant's petition, and appellant's petition does not in any respect involve the right of appellees to recover rents for the lease premises from appellant, or their right to the possession of said premises after the expiration of appellant's term under the lease contract. Therefore no disposition that should be finally made of the suits filed by appellees could encroach upon the jurisdiction of the district court, as invoked by appellant on the filing of her original petition, as a recovery in both of the suits filed in the justice court would not be res adjudicata as against the cause of action asserted by appellant in her suit for damages. Cleveland v. Ward, supra. We are of opinion that appellant's application for writ of injunction was subject to a general demurrer, in that no ground for such relief was alleged; therefore the judgment of the trial court is in all things affirmed.

Affirmed.