## SADLER et al. v. KIRSCH.
### No. 4312.

Court of Civil Appeals of Texas. Texarkana.
March 23, 1933.

Ramey, Calhoun, Marsh & Higgins, of Tyler, for appellants.

Norman & Norman, of Rusk, and Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellee.

SELLERS, Justice.

Harvey Kirsch brought this suit in the district court of Cherokee county against Millard Sadler and others in trespass to try title, and also alleged title under the ten years' statute of limitation (Rev. St. 1925, art. 5510). The defendants answered by plea of not guilty, and also pleaded title to the land involved under the five and ten years' statutes of limitation. The case was tried before the court without the aid of a jury, and at the conclusion of the evidence the court found in favor of the plaintiff, Harvey Kirsch, on his plea of ten years' limitation, and accordingly entered judgment in his favor for the land involved. To this judgment the defendants excepted and have duly prosecuted this appeal.

Appellants' first proposition is that the appellee cannot recover on his plea of limitation since the evidence does not show that his title to the land involved ever passed out of the state of Texas. We cannot agree with appellants' contention. The evidence shows very clearly that the appellee was in possession of the land involved for more than ten years before this suit was filed, having it fenced, using and enjoying and claiming it as his own during all this time. Such possession alone carries with it the presumption that the state had parted with the title to some one and that the appellee had acquired that title. House v. Reavis, 89 Tex. 626, 35 S. W. 1063. This presumption placed the burden on appellants to show that the state had not parted with its title in order to defeat the case made by appellee, and this they have failed to do. Harmon et al. v. Landers (Tex. Civ. App.) 41 S. W. 378.

Careful examination of the evidence convinces us that appellants' second assignment of error must be overruled, the evidence, in our opinion, being sufficient to support the trial court's finding of adverse possession of appellee to the land.

The judgment of the trial court will be affirmed.