## WATSON et al. v. ROSS et al.

No. 5385.

Court of Civil Appeals of Texas. Texarkana.

March 23, 1939.

E. H. Lasseter, of Henderson, for appellants.

P. A. Sanders, of Nacogdoches, and Howth, Adams & Hart, of Beaumont, for appellees.

WILLIAMS, Justice.

Appellees, Annie Bell Ross, a feme sole, and Minnie Lee Hall, joined by her husband, sued Ralph E. Watson and others in a trespass to try title action. Appellees, plaintiffs below, pleaded a formal trespass to try title cause and specially pleaded title under the terms of the 10 years statute of limitation. Article 5510, R. C. S. of Texas. Appellant Watson answered with plea of not guilty and also pleaded title to the land under the three, five and ten years statutes of limitation, Articles 5507, 5509, and 5510, R. C. S. The pleadings after describing the 58½ acres by metes and bounds refer to the tract as "being the South ½ of 116-½ acre tract formerly owned by Lewis and Virginia Ross out of the E. Bradley League, 15 miles North of Henderson, Rusk County, Texas." The jury found in favor of appellees on their 10 years limitation plea. It is unnecessary to the disposition of this appeal to detail the other issues submitted to and answered by the jury favorable to appellees. None of the pleas of title under the three, five and ten years' statutes of limitation pleaded by appellant Watson were submitted to the jury; none was requested, and no complaint is urged for the failure to submit same. It is not necessary to name the other defendants or the disposition made as to them for Watson alone has perfected an appeal.

Appellant asserts that appellees can not recover under their plea of limitation and the verdict of the jury sustaining same, because appellees wholly failed to show a deraignment of title out of the state. This is the only question presented on this appeal. The evidence amply supports the finding of the jury that appellees in person and through tenants had been in possession of the tract for more than ten years before this suit was filed in 1935, with substantially the entire tract under fence, cultivating, using, enjoying, and claiming the same as their own during this period of time. In fact, such use and occupancy dates back to 1909, and covers a period of more than twenty-five years. Appellant made proof of the fact that some member of the Ross family had rendered this land for state and county taxes for as far back as 1902. This land had been assessed for taxes during these years by the taxing authorities of Rusk County. The fact that this land had been annually assessed for taxes for state and county purposes by the taxing authorities, together with the long-continued possession by the Ross family, is at least sufficient to raise the presumption that the state had parted with the title. Quoting from Sadler v. Kirsch, Tex.Civ.App., 59 S.W.2d 193: "This presumption placed the burden on appellants to show that the state had not parted with the title in order to defeat the case made by appellee, and this they have failed to do."

The conclusion here reached is not in conflict with Jimerson v. Harrington, Tex.

Civ.App., 292 S.W. 912. Appellees in the instant case did not ground their right of recovery on a record title, but rested their claims of title under the ten years' statute of limitation.

The judgment of the trial court is in all respects affirmed.