**LINCOLN et al. v. HARVEY et al.**

No. 13666.

Court of Civil Appeals of Texas. Dallas.

Dec. 14, 1945.

Rehearing Denied Jan. 18, 1946.

W. M. Pierson and Saner, Saner, Jack & Sallinger, all of Dallas, for appellants.

Clifford S. Dillard, of Dallas, for appellees.

BOND, Chief Justice.

This is an appeal from a declaratory judgment entered by a district court of Dallas County in favor of each of the appellees (eight in number) against the eight appellants respectively, in reference to separable lease contracts entered into by the appellees with the appellants, J. V. Lincoln and wife Lela Lincoln, in which each claims a valid subsisting lease on residential property, located in the City of Dallas, for the "duration of the war at a rental of $50.00 per month." Each contract was oral, made at a different time and place, and in no way contingent upon the others. Subsequently the Lincolns sold one rental unit to each of the other appellants; and, in consequence, the purchasers, with legal notice of the respective tenants' occupancy and right of possession, are proceeded against in this suit.

The eight separable causes of action are joined on the alleged ground of "common questions of law and fact", affecting the rights and relief of the several tenants; that is, whether the rental contracts terminate only when a formal declaration by the sovereign authority of the United States shall have been pronounced; or whether the war terminated when the general contest by force ceased between the United States and Germany, Italy and Japan and the armed forces of the sovereign powers were ordered withdrawn from the theaters of conflict, thereby evidencing victory to which this nation prosecuted its right by force. Appellees also sought an injunction to restrain multiplicity of suits in forcible entry and detainer, on the alleged ground that a fair and impartial trial could not be had in a justice court, or the county court on appeal, because of bias and prejudice of the courts and juries in such matters; and that the value of all the several leases combined is above the jurisdiction of both the justice court and the county court.

The appellants in due course challenged the jurisdiction of the district court to enter a declaratory judgment in absence of pleadings showing that the subject matter in controversy was within the jurisdiction of the district court; and, further, that the district court was without jurisdiction to grant an injunction to restrain threatened actions of forcible entry and detainer on the grounds thus alleged. In limine, the trial court overruled appellants' exception to the jurisdiction; and, on trial, July 10, 1945, the court refused to grant the writ of injunction but entered the declaratory judgment, finding (pertinent here) that "the law and facts are with the plaintiffs in the case * * *, that each plaintiff hereto entered into a contract with Lela Lincoln or her duly authorized agent, husband, J. V. Lincoln, to rent the property occupied by each respective plaintiff for the duration of the war at a rental of $50.-00 per month." The action of the court in refusing the injunction is not before us.

On this appeal, appellants urge that the primary and determinative issue involved, as found by the trial court, is whether appellees have right of possession of the rental property occupied by each of them "for the duration of the war", meaning, evidently, World War II, and, if so, the war having subsequently ended, appellees' right of possession has become moot; thus the appeal should be dismissed.

We think the conclusions hereinafter expressed render it unnecessary to determine whether the war has in fact terminated because of cessation of hostilities, the withdrawal of the armed forces of the sovereign powers from the theaters of conflict and the supreme efforts of the allied nations in winning the peace; or whether the war will terminate only when the sovereign authorities shall have formally declared the war ended—at which time the lease contracts will then terminate; suffice to say that the term "the duration of the war" in contracts must be construed as the term is ordinarily used for the purposes intended in accomplishing the object of the contracting parties. War means and intends the destruction of life and property, and when such carnage is ended, war is ordinarily terminated within the contemplation of such contracts. Our conclusion is that the trial court was without jurisdiction to enter the declaratory judgment;

hence we have no jurisdiction to review such declaration. Indeed, the trial court had jurisdiction to entertain the petition for injunction, but that phase of the suit does not ipso facto confer jurisdiction on the declaratory feature of the suit.

■ In Story v. Story et al., Tex.Com. App., 176 S.W.2d 925, 927, our Supreme Court approved the holding that: "The action of forcible entry and detainer is statutory and well defined. It provides an efficient and speedy remedy at law which has for its purpose the determination of the right of possession of real property (House v. Reavis, 89 Tex. 626, 35 S.W. 1063), without the necessity of an action on the title. Clark v. Snow, 24 Tex. 242." Thus deciding that an injunction will not lie to restrain the prosecution of such actions; therefore, the action of the trial court on appellees' petition for injunction, finding no support in law, cannot be the basis for jurisdiction for a declaratory judgment.

■ In Mason & Mason v. Brown, 182 S.W.2d 729, this court held, in effect, that a court having jurisdiction of the parties and subject matter of an alleged cause of action, under the broad provisions of the Uniform Declaratory Judgments Act enacted by the 48th Legislature, effective April 26, 1943, Vernon's Ann.Civ.Statutes, Art. 2524—1, has jurisdiction to enter a declaratory judgment appertaining to such causes; otherwise it would not have jurisdiction. The Act provides (sec. 1) that: "Courts of record within their *respective jurisdictions* shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * * and such declarations shall have the force and effect of a final judgment or decree." (Italics supplied.) It will be thus seen that a petition must show that the cause of action is within the jurisdiction of the court, before the court shall enter a decree affecting the rights of the parties. Manifestly, appellees' petition makes no such jurisdictional allegation.

■ In Long et al. v. City of Wichita Falls, Tex.Sup., 176 S.W.2d 936, 940, Long and seven others pooled their several causes of action against the city for sums alleged to be owing them for overtime services rendered by them as members of the Fire Department of said city. The allegations in that suit, as here, did not disclose that the district court had jurisdiction in amount due any of the plaintiffs; while the amount due all collectively was within the jurisdiction of the trial court. In that case our Supreme Court held: "It seems to be a very well established rule that even though separate and distinct claims owned by different parties are such as may be joined in the same suit under Rule 40, if one of them is below the jurisdiction of the court it cannot be brought within the jurisdiction of such court by joining it with one that has the required jurisdictional amount. * * * The rule is stated in 72 A.L.R. as follows: 'Where several claimants have separate and distinct demands against a defendant or defendants, and join in a single suit to enforce them, they cannot be added together to make up the required jurisdictional amount but each separate claim furnishes the jurisdictional test.'" This holding is supplemented by Acts of the 49th Legislature, Chapter 329, p. 543, Vernon's Ann.Civ.St. art. 1906a, effective June 14, 1945, extending court's jurisdiction to two or more suits properly joined, which theretofore the Long case, supra, decided could not be joined for jurisdictional purposes. In the case at bar the allegations and joinder of the several plaintiffs' causes clearly come under the cited authority. The case was pending at the time the Act became effective, with saving clause for all suits then pending.

■■ Furthermore, it will be seen that the trial court had for determination the issue of fact as to whether the rental contracts were on a month-to-month basis, or for the duration of the war. Evidently such issue was purely a conflicting issue of fact, determinable only after judicial investigation in a regular trial by a court or jury. A declaratory judgment on purely fact questions cannot be the basis for action of a court on regular trial in determining the rights of the parties. Hence, aside from the points mentioned above, we think the involved declaratory judgment adjudicating and declaring that the various oral rental contracts between the parties were for the duration of the war as against appellants' evidence that they were on month-to-month basis, would invade the province of the court subsequently trying the case, and which shall determine the effective date of termination of the contracts.

Finding that this court is without jurisdiction to determine the issues here involved, other than the assignment pertaining to the action of the trial court in overruling appellants' exception to the jurisdiction, the declaratory judgment is reversed and cause remanded to the court below with instructions to sustain the exception and dismiss appellees' suit.

Reversed and remanded with instructions.