Anna Lynn HASH et al., Appellants,

v.

Ashby M. JAMES et al., Appellees.

No. 13630.

Court of Civil Appeals of Texas.

San Antonio.

July 13, 1960.

Rehearing Denied Aug. 10, 1960.

Coover, Shireman, Bunting & Padilla, Corpus Christi, for appellants.

Ward & Brown, Corpus Christi, for appellees.

BARROW, Justice.

This is a trespass to try title suit brought by appellees as plaintiffs, against appellants as defendants. The suit involves the title to a certain tract of land out of the Wm. Lewis Survey No. A–96 in Aransas County, Texas, described as follows:

"Six hundred and Thirty-six acres of land, more or less, situated in Aransas County, Texas, a part of a League of Land surveyed for Isaac E. Robertson,

Assignee of Wm. Lewis and particularly described as follows, to-wit:

"Beginning at the S. W. corner of said tract of 636 acres of land, more or less, hereinabove allotted to the plaintiff Lillian Vineyard, in fence, Thence S. 0 deg. 17′ E with said fence 1559.1 varas to corner of said fence for a S. W. corner of this tract; thence N. 89 deg. 56′ E. with another fence at 1122 varas to a corner of same, Thence South 1 deg. 39′ W. with another fence at 304.5 varas to another corner of said fence, Thence North 89 deg. 19′ E. with another fence 1228 varas to a stake on the west shore of St. Charles Bay, Thence, following said West shore of St. Charles Bay, with its meanders, in a northerly direction, to the S. E. corner of said tract of 636 acres of land, more or less, hereinabove allotted to the plaintiff Lillian Vineyard, Thence west with the south line of said tract of 636 acres of land, more or less, hereinabove allotted to the plaintiff Lillian Vineyard, 2578 varas to the place of beginning."

The case was tried to a jury but at the conclusion of all the evidence the court instructed the jury to return a verdict in favor of plaintiffs. Judgment was then rendered in their favor.

A portion of this tract of land was involved in the case of James v. Hitchcock, Tex.Civ.App., 309 S.W.2d 909. A plat of the land appears at page 912 and shows Outlots 156 to 159, inclusive, Lamar Townsite, delineated thereon. Outlots 154 and 155, involved herein, lie immediately west of Outlot 156. The map will be referred to herein for location of the land involved. The parties will be referred to as plaintiffs and defendants as in the trial court.

Plaintiffs connect their possession with that of the parties who were allotted the tract in the 1914 partition decree in the case of Lillian Vineyard v. D. M. O'Connor, Cause No. 424, in the District Court of Aransas County. The decree set apart

and allotted to O'Connor certain lands not involved in this suit, and to Lillian Vineyard, through whom defendants claim, a tract of 636 acres, more or less, adjoining on the north the tract involved in this suit and also Outlots Nos. 154 and 155, Lamar Townsite. The decree then set apart and allotted to Kate Edwards et al., through whom plaintiffs' claim, the tract of land involved herein.

The decree in Cause No. 424 shows that the tracts allotted were made by field notes actually surveyed on the ground and followed established fence lines, particularly the Kate Edwards Tract.

The evidence reflects that following the 1914 partition plaintiffs' predecessors in 1915 leased the Kate Edwards Tract to Simeon Paul for grazing purposes and continued to lease the same to tenants year after year until the filing of this suit.

The evidence also reflects that appellants in 1917 leased to said tenant, Paul, the 636 acres Vineyard Tract, but did not lease Outlots 154 and 155, and down to the year 1950 said Paul and successive tenants held possession of the respective tracts for and under the respective owners and lessors. In 1950 a fence was constructed between the Vineyard and Edwards Tracts and thereafter the leases were to different tenants. Thus the evidence reflects that plaintiffs have been in exclusive possession of the Kate Edwards Tract continuously since the 1914 partition.

The record shows without dispute that the outside fences of the Kate Edwards Tract, as they existed in 1914, have been kept up and maintained to the date of suit, and that plaintiffs' tenants have continuously run cattle on the land. In 1957 the defendants fenced off the two Outlots Nos. 154 and 155 with a two-wire fence.

The record reflects that Outlots Nos. 154 and 155 are overlapped and lie wholly within the surveyed description of the Kate Edwards Tract as it is on the ground. The location of the Outlots is shown only by

office maps copied from an old unrecorded map which was shown not to have been made from any survey on the ground. The situation in connection with these maps was fully discussed in James v. Hitchcock, supra, and will not be repeated here. It is sufficient to say that defendants do not contend that they have a record title to any of the Kate Edwards Tract. They contend, among other things, that the rec-ord shows an outstanding superior title in some third person or persons.

Plaintiffs claim that they are entitled to recover against defendants by reason of prior possession.

■ The evidence is conclusive that plaintiffs were, and had been since the 1914 partition, in possession of the land under a claim of title. Such possession is prima facie evidence of title in them and was sufficient to entitle them to recover against defendants, unless the evidence was of such a character as to defeat their right. House v. Reavis, 89 Tex. 626, 35 S.W. 1063. The law is thus settled in this State. The decision in the House case has not been overturned but has been consistently followed. Bussan v. Donald, Tex. Civ.App., 244 S.W.2d 271; Hunt v. Hunt, Tex.Civ.App., 95 S.W.2d 724; Humble Oil & Refining Co. v. Wilcoxon, Tex.Civ.App., 70 S.W.2d 218; Sadler v. Kirsch, Tex.Civ. App., 59 S.W.2d 193; Dean v. Grogan-Cochran Lumber Co., Tex.Civ.App., 58 S.W.2d 552.

The plaintiffs having shown prior possession under claim of title, the question for decision is: Was the evidence introduced such as to defeat their right of recovery? We think not.

■ The defendants first contend that prior possession is a fact question and must be submitted to the jury. Where the possession is established by undisputed evi-dence, no issue of fact is presented for the jury. Duren v. Strong, 53 Tex. 379; House v. Reavis, supra; Watkins v. Smith, 91 Tex. 589, 45 S.W. 560; Dinwitty v. McLemore, Tex.Civ.App., 291 S.W.2d 448.

■ The defendants contend that plaintiffs in attempting to prove their title from the sovereignty of the soil waived the presumption of title by prior possession. This contention was overruled in Duren v. Strong, supra; Watkins v. Smith, supra, and House v. Reavis, supra.

■ The defendants also contend that plaintiffs are not entitled to recover under their prior possession because, they say, the evidence showed outstanding legal title in third persons. This contention is also over-ruled. The defendants introduced in evidence several deeds from James W. Byrnes, a one-time owner of the entire survey, covering some 8,000 acres of land, conveying undivided fractional interests therein. These deeds are dated from 1850 to 1861. As said in House v. Reavis, supra [89 Tex. 626, 35 S.W. 1065]:

"The presumption which is raised in favor of the title of the possessor of land necessarily includes the presumption that the state had parted with the title to the land to some one, and that the possessor had acquired that title. Otherwise, the presumption of title in fee could not exist."

The introduction of these ancient deeds, all antedating plaintiffs' title, without any showing that such titles are now outstanding and superior to plaintiffs' title, is not sufficient to defeat plaintiffs' prima facie right of recovery under their prior possession. House v. Reavis, supra.

The trial court correctly instructed the jury and rendered judgment for plaintiffs.

The judgment is affirmed.