E. M. LAND, Appellant,

v.

W. R. TURNER et ux., Appellees.

No. 4102.

Court of Civil Appeals of Texas.

Waco.

June 6, 1963.

Rehearing Denied Aug. 1, 1963.

Adams & Granberry, Crockett, for appellant.

J. B. Sallas, Crockett, for appellee.

TIREY, Justice.

This is a suit in trespass to try title. The Court overruled defendant's motion for instructed verdict at the close of the evidence. Issues 1 and 2, absent the burden of proof clause, are substantially: (1) Do you find that the defendant, and those through whom he holds conveyances, either in person or through a tenant or tenants, held peaceable and adverse possession of the land in controversy, continuously cultivating, using or enjoying the same and paying all taxes thereon, and claiming under a deed or deeds duly registered for any consecutive period of five years prior to May 27, 1960? To which the jury answered "No". (2) Do you find that the defendant Land and those under whom he claims, either in person or through a tenant or tenants, or partly in person and partly through a tenant or tenants, held exclusive, peaceable and adverse possession of the land in controversy, cultivating, using and enjoying the same, for any period of ten consecutive years, or longer, prior to May 27th, 1960? To which the jury answered "No".

The Court overruled defendant's motion for judgment non obstante veredicto and granted plaintiffs' motion for judgment on the verdict, and decreed that plaintiffs recover from defendant title and possession of two tracts of land in Houston County, Texas. The first tract being 180 acres and the

second tract being 160 acres, each described by metes and bounds in the decree, and also awarded to plaintiffs writ of possession and taxed all costs against defendant. Defendant excepted to the decree and gave notice of appeal to the First Supreme Judicial District at Houston. Thereafter the Court overruled defendant's motion for a new trial, and defendant perfected his appeal to the Houston Court, and it is here on transfer.

The judgment is assailed on two points. They are substantially to the effect that the Court erred: (1) In its failure to render judgment for defendant Land for a 44 acre tract described in his first amended original answer, for the reason that there is no showing that plaintiffs established in themselves a prima facie right for the recovery of this particular tract; and (2) because the record shows that the title to the 44 acre tract was outstanding in some person other than appellees.

■ We overrule the foregoing points for reasons hereinafter briefly stated. This being an action in trespass to try title, appellees had the burden of establishing title by an affirmative showing and by a preponderance of the evidence. See Hejl v. Wirth, 161 Tex. 609, 343 S.W.2d 226, and cases there cited. Also Tex.Jur., 41A, Sec. 143, page 677, and Sec. 36, pages 553–554. In this cause appellees in their petition put in issue two tracts of land, the first one being 180 acres out of the J. M. Love Survey, which they described by metes and bounds, and a second tract of 160 acres of land in Houston County, which they described by metes and bounds. It is true that appellant filed a plea of not guilty, but he stated in open court that he made no contention that he had any title whatsoever to the 160 acre tract described in appellees' petition, and that the only part of the 180 acre tract in controversy which he claimed was 44 acres off of the south end of the 180 acre tract, and he described it by metes and bounds.

■ It is true that appellees did not show a connected title from the sovereignty of the soil down to them, nor did they show a patent to the J. M. Love Survey. They introduced in evidence a general warranty deed dated November 15, 1913, which deed conveyed from R. C. Stokes to W. R. Turner the 180 acres described as tract No. 1, in the appellees' original petition, which deed is duly recorded in the deed records of Houston County, Texas. The appellant tendered in evidence a general warranty deed from R. C. Stokes to E. B. Stokes, dated September 6, 1913, duly recorded in the deed records of Houston County, which conveyed the south 140 acres out of the J. M. Love Survey. From the evidence tendered in this record it shows that the deed from R. C. Stokes to W. R. Turner, of November 15, 1913, included the 44 acres of land he had previously conveyed to E. B. Stokes on the preceding 6th day of September 1913. Insofar as the record here goes, the title to this 44 acres is outstanding in E. B. Stokes. During oral argument the Court made inquiry of appellees' counsel on what basis they claimed title to this property, and as we understood appellees' counsel, it was on two grounds: (1) That they made out a prima facie case; and (2) that there was a disclaimer by the heirs of E. B. Stokes, deceased. The evidence of purported disclaimer relied upon, if it be considered such, was oral and made by the witness, Raymond Cornelius, who was the son-in-law of E. B. Stokes, but who had no title to the property whatsoever. It is obvious, therefore, that appellees' position of disclaimer is to no avail.

■ Going back to appellees' point 1, did they make out a prima facie case under our Texas decisions? We think the answer is "Yes". We think there is ample evidence that appellees took over the possession of the 180 acre tract immediately after the grantee obtained his deed thereto, and that appellees never abandoned their possession. In House v. Reavis, 89 Tex. 626, 35 S.W. 1063, the factual situation is very similar to the factual situation here, in that in the House case the Court found that the plaintiffs in the suit were in the actual possession

of the land in controversy under a claim of title, and that the defendants, by the acts of one of them, entered into and took the possession from plaintiffs without their consent and held the same until the trial without any title in themselves. That is substantially the situation that we are dealing with here, because it is without dispute that appellees went into possession when they acquired the title to the property, and that they are and were holding under a claim of title. The Supreme Court in discussing the question said:

"Such possession as was shown to have existed in the plaintiffs of the property in controversy is prima facie evidence of title in them, and was sufficient to entitle them to recover, against the defendants, unless the evidence was of such a character as to defeat their right. (citing cases). On behalf of the defendants it is contended, and the trial court and court of civil appeals held, that because plaintiffs' title did not connect with the patentee, A. Jacobs, the evidence showed an outstanding title in A. Jacobs, or her heirs, which was sufficient to defeat the plaintiffs' right to recover the land. It is not necessary, in this case, for us to determine whether or not one who takes forcible possession of real estate by ousting the actual possessor can defeat the right of the person ousted to recover the possession of the property by showing that the title is in some third person. There are strong reasons and good authority to sustain the position that he could not, if it were necessary to assert it in this case. (citing cases). Granting for sake of the argument, that such a defense might be made by one who had thus wrongfully and forcibly acquired possession of the property, the question still arises, what must be the character of the proof made as to such outstanding title in order to defeat the right of the prior possessor? The plaintiffs in this case stood before the court with the presumption in their

favor, as a matter of law, that they had the title to the land in fee simple. This constituted a prima facie case, and entitled them to recover."

It seems to us that the foregoing is applicable to the undisputed factual situation here. Counsel for appellant stated in open court that they stood before the Court as a naked trespasser and without any claim or right to title. In Humble Oil & Refining Co., v. Wilcoxon, Tex.Civ.App., 70 S.W.2d 218, writ refused, (situation similar to the one before us) we find this statement:

"In trespass to try title, the rule is well established that plaintiff must recover, if at all, upon the strength of his own, and not upon the weakness of the defendant's title, from which it follows that defendant is entitled to judgment when the facts fail to show prima facie title in plaintiff. The different modes in which plaintiff may establish a prima facie case are stated in Keys v. Mason, 44 Tex. 140, and Watkins v. Smith, 91 Tex. 589, 45 S.W. 560. One of which modes is by showing that plaintiff, or one whose title he holds, has had actual possession of the land prior in point of time to that of the defendant. (citing a long list of cases). In its legal effect, proof of prior possession prima facie establishes in plaintiff a fee-simple title, which necessarily includes the presumption that the state has granted title to the land to some one, and that the plaintiff has acquired the title of such third person. (citing House v. Reavis, supra). So, in the present case, plaintiffs' proof of prior possession was prima facie evidence of title in them which included the presumption that plaintiffs had acquired and held the title shown to have been transferred out of the state and mesne conveyances into such third person, George W. Brown. This presumption of ownership is but a rule of evidence and not of property, and may therefore be rebutted, as by evidence in fact showing that plaintiff does not law-

fully hold the title of such third person. (citing many cases). But the presumption of ownership arising from plaintiffs' prior possession is not, as contended by defendants, overcome by evidence merely showing a regular chain of title out of the state and into a third person. The evidence must go further and rebut the presumption that plaintiffs have lawfully acquired and hold the title of such third person." (citing House v. Reavis, supra; Watkins v. Smith, supra).

We think the foregoing rule is applicable to the factual situation here before us. It is our view that appellees, under all the facts and circumstances have carried their burden showing that they have a prima facie title to the 180 acre tract. Appellant stands before the Court under his own admissions that he had no title and that he was a naked trespasser, and he made no attempt to rebut appellees' prima facie title under the rule above stated. Our Supreme Court has not seen fit to change the rule it announced in House v. Reavis, supra; nor the rule in Humble Oil Company v. Wilcoxon, supra. See also Lorino v. Crawford Packing Co., 142 Tex. 51, 175 S.W.2d 410 and Payton v. Loustalott, 53 S.W.2d 1012, point 2, (Tex.Com.App.).

Being of the view that appellees by their proof of prior possession of the land in question established a prima facie fee simple title in them, and that the appellant failed to rebut the same, that the Court correctly entered judgment for appellees and the judgment of the trial court is affirmed.