ADELS v. JOSEPH.

(Court of Civil Appeals of Texas. Galveston. May 23, 1912.)

1. TRESPASS TO TRY TITLE (§ 44*)—DIRECTED VERDICT—EVIDENCE.

Where, in trespass to try title, the undisputed evidence was that plaintiff took possession in 1895 or 1896 of the tract of which the land in controversy was a part, and held possession of same by tenants until 1910, during which time the land was inclosed on three sides with a good fence and on the fourth side by a natural barrier sufficient to turn stock, and there was no evidence to show a superior right in defendant, the court properly instructed a verdict for plaintiff upon the issue of prior possession, though there was evidence that in 1909 defendant had entered upon and fenced the land in controversy and such fence had immediately been torn down by plaintiff's tenant.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 66; Dec. Dig. § 44.*]

2. ADVERSE POSSESSION (§ 53*) — ABANDONMENT—EVIDENCE.

Where possession of a predecessor of the defendant in trespass to try title began about 42 years before the trial, and continued 18 or 20 years, and was then abandoned, and no claim to title was made thereunder until 20 years later, such possession, being deemed abandoned, was not sufficient evidence of title against a subsequent possessor.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 266–270; Dec. Dig. § 53.*]

3. HUSBAND AND WIFE (§ 273*)—COMMUNITY PROPERTY—RIGHTS OF SURVIVOR.

Where husband and wife obtain title to land by adverse possession, it is community property, and upon the death of the husband before his wife, they having no children, title vests in the wife under Rev. St. art. 1696, and upon her death passed to her heirs and not to the heirs of the husband.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1008–1024; Dec. Dig. § 273.*]

4. TRESPASS TO TRY TITLE (§ 41*) — SUFFICIENCY OF EVIDENCE—POSSESSION.

The possession of plaintiff and her transferees was prima facie evidence of title and sufficient to entitle them to recover against defendant in trespass to try title, in the absence of evidence sufficient to defeat their right.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 62, 63; Dec. Dig. § 41.*]

5. TRESPASS TO TRY TITLE (§ 41*) — SUFFICIENCY OF EVIDENCE—PRESUMPTION — POSSESSION.

In trespass to try title, evidence of title of third persons by limitation was insufficient to overcome the prima facie case made by evidence of the possession of plaintiff and her transferees, in the absence of testimony to connect defendant with such limitation title; the presumption from present possession necessarily including the presumption that the possessors had acquired the limitation title.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 62, 63; Dec. Dig. § 41.*]

Appeal from District Court, Harris County; J. A. Read, Special Judge.

Trespass to try title by Mrs. Rebecca Joseph against L. E. Adels, in which F. W. Vaughn, L. H. Dunn, and the Vaundun Company intervened as plaintiffs. From a judgment for the Vaundun Company, defendant appeals. Affirmed.

Kennerly & Warnken, of Houston, for appellant. Fisher, Sears & Campbell, of Houston, for appellee.

McMEANS, J. Suit of trespass to try title, brought by Mrs. Rebecca Joseph against L. E. Adels to recover a tract of 1.37 acres of land, which the defendant Adels had entered upon and inclosed out of a tract of about 90 acres claimed by the plaintiff at that time. During the pendency of the suit plaintiff, Mrs. Rebecca Joseph, sold the 90-acre tract to F. W. Vaughn and L. H. Dunn, who in turn sold it to the Vaundun Company, a corporation, and before the trial Vaughn, Dunn, and the Vaundun Company intervened in the suit as partys plaintiff. The case was tried before a jury and resulted in an instructed verdict in favor of the Vaundun Company, upon which a judgment was accordingly entered for it for the land in controversy. From this judgment the defendant, Adels, has appealed.

[1] By his first assignment of error appellant complains that "the court erred in instructing the jury to return a verdict for the plaintiff because the question of prior possession of the premises and the question of title by limitation through possession of said premises was a question of fact which defendant was entitled to have submitted to and passed upon by the jury, and the court was not authorized to take the case from the jury."

It appears that Rebecca Joseph bought the 90 acres, of which the 1.37 acres is a part, from S. S. Ashe by deed dated May 29, 1895, and recorded in the deed records of Harris county June 11, 1895. On January 24, 1910, during the pendency of the suit, Rebecca Joseph, by deed of said date, sold and conveyed the land to F. W. Vaughn and L. H. Dunn, who in turn, on February 25, 1910, by deed of said date, sold and conveyed the same to Vaundun Company, a corporation.

On the issue of plaintiff's prior possession, the evidence in the record shows: That in 1895 or 1896 J. M. Smith leased the 90 acres in question from Rebecca Joseph and used the same for a pasture for about two years. That he was succeeded by R. B. Hall, who, as Mrs. Joseph's tenant, used the property about one year, and he was then succeeded by the said J. M. Smith, who, as Mrs. Joseph's tenant, held possession of and used the land for five or six years, also using it as a pasture. He was succeeded by J. M. Damon, who, as Mrs. Joseph's tenant, held possession of the land and used it for a pasture for several years, and until he yielded the possession of the same to T. C. Dunn, and Dunn, also as Mrs. Joseph's tenant, held possession of and used the land, through his subtenant, J. H. Davis, until the land was sold by Mrs. Joseph to Vaughan and Dunn during the pendency of the suit. That during the continuous use and possession of the land by the parties named as Mrs. Joseph's tenants the land was inclosed by fences on three of its sides, and the fences were kept in reasonably good repair, and on the side not fenced was Bray's bayou, which acted as a barrier on that side, and that the land was thus inclosed sufficiently to keep cattle in and out. About the middle of the year 1909 defendant Adels entered upon the 90-acre tract and fenced 1.37 acres in controversy. This fence was torn down and thrown in the bayou by T. C. Dunn, who, at said time, was in possession of the land as Mrs. Joseph's tenant, and was given notice by Dunn not to put it up again.

These facts were practically undisputed, and, in the absence of evidence to show in defendant a superior right to the land, clearly warranted the court in instructing a verdict for plaintiff Vaundun Company on the issue of prior possession. Burroughs v. Farmer, 45 S. W. 846; House v. Reavis, 89 Tex. 630, 35 S. W. 1063; Duren v. Strong, 53 Tex. 381; Caplen v. Drew, 54 Tex. 495; Watkins v. Smith, 91 Tex. 591, 45 S. W. 560; Saxton v. Corbett, 122 S. W. 76.

[2] In rebuttal of the foregoing facts, defendant proved that about 42 years before the trial one Tom Harris settled on the 1.37 acres of land in controversy, inclosed the same, built a house thereon, and lived there with his wife, Charity Harris, for ten or twelve years, when he died; that after his death Charity Harris lived on the land about two years and then moved away, and Sam Hopkins, as her tenant, moved on the land and lived there about three years, and then the witness George Washington used the land, as Charity Harris' tenant, three years, after which all possession of the land was abandoned, and from that time there had been no fence around the land until the appellant put his fence there in 1909. It was further shown that Tom and Charity Harris had no children. A deed of general warranty from Tobe Hayes and wife, Ellen Hayes, conveying the land in controversy to appellant, Adels, was introduced in evidence. This deed is dated March 15, 1909. The evidence further showed that the grantor, Tobe Hayes, was a son of Tom Harris' brother. This proof was made, no doubt, to show a prior possession to that begun and continued by plaintiff under her deed from S. S. Ashe, and also to show an outstanding title to the land acquired by Tom and Charity Harris by ten years' limitation, with which appellant undertook to connect himself by the introduction of the deed executed by Tobe Hayes and wife to himself.

It will be noted that the possession of Tom Harris and wife began about 42 years before the trial and continued about 18 or 20 years and was then abandoned. There was no active assertion of ownership under their claim after the land was abandoned until the appellant erected a fence on the land, and this was not done until 1909, about 20 years after the property had been abandoned by Charity Harris. It has been held by this court, and we think it is sufficient answer to appellant's claim, that the evidence of prior possession of Tom Harris and wife was sufficient to defeat the possession held and asserted by plaintiffs in this suit; that, where such a possession has been abandoned for a long time, it ceases to be sufficient evidence of a title against the subsequent possessor. Burroughs v. Farmer, 45 S. W. 847.

[3] As to the issue of outstanding title, it will be seen that the evidence showed such possession, use, and occupancy of the land by Tom and Charity Harris as to raise the issue of title in them under the statute of limitations of 10 years. It will be noted that Tom Harris died after he had been in possession of the land about 10 or 12 years, that Charity Harris is also dead, and that they had no children. The property, if their title was perfected by limitation, was community property, and upon the death of Tom Harris the title vested in his surviving wife, Charity (R. S. art. 1696), and upon her death vested in her heirs. As the title of Tom Harris, if he had any, passed upon his death to his wife, Tobe Hayes acquired none by reason of his relationship to Tom Harris, and therefore his deed to appellant did not connect the latter with such title.

[4] The appellees' possession of the property in controversy, and upon which they relied to sustain a recovery, is prima facie evidence of their title, and was sufficient to entitle them to recover against appellant, unless the evidence was sufficient to defeat their right.

[5] The evidence of a limitation title in Charity Harris was not sufficient to overcome the prima facie case made by the appellees' evidence, in the absence of testimony to connect appellant therewith. The presumption which was raised in favor of appellees by their possession necessarily in-

cluded the presumption that the possessors had acquired the limitation title of Charity Harris, and it was incumbent upon appellant to rebut this presumption by proper proof, which he failed to do. House v. Reavis, 89 Tex. 630, 35 S. W. 1063; Saxton v. Corbett, 122 S. W. 76. The assignment must be overruled.

What we have said in disposing of the first assignment necessarily disposes of the second assignment of error presented by appellant adversely to his contention.

There is no merit in the third assignment, and it is overruled without further comment.

The judgment of the court below is affirmed.

Affirmed.