CONN v. MARSHBURN. (No. 6626.) †

(Court of Civil Appeals of Texas. Galveston. June 9, 1914. Rehearing Denied July 1, 1914.)

TRESPASS TO TRY TITLE (§ 12*)—PRIOR POSSESSION—CONTINUITY—NECESSITY.

The plaintiff in an action of trespass to try title, was not entitled to recover on proof of prior possession with which he connected himself, where it appeared that such possession was abandoned by 1871 and not reasserted until the sale to plaintiff in 1909.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 17; Dec. Dig. § 12.*]

Appeal from District Court, Jasper County; A. E. Davis, Judge.

Action of trespass to try title by R. C. Conn against L. H. Marshburn. From a judgment for defendant, plaintiff appeals. Affirmed.

Smith & Blackshear, of Jasper, and John B. Warren, of Houston, for appellant. Powell & Lee, of Jasper, for appellee.

McMEANS, J. This is an action of trespass to try title, brought by the appellant against the appellee. The case was tried before the court without a jury and resulted in a judgment for appellee, from which the appellant has prosecuted this appeal.

There was no evidence offered in the court below on the question of title, except that offered by appellant, and the only question presented for our decision is whether such evidence was sufficient to require a judgment for the land sued for in favor of appellant as against a trespasser. The only evidence offered by appellant, and upon which he insists he was entitled to a judgment as against appellee, was to prove the prior possession of those through and under whom he claims. The land in question was a labor patented in 1849 to Willis Donaho, assignee of Patsey Gregory. It was shown that in 1855, or soon thereafter, the ancestors of appellant's immediate vendors moved on the land, opened a small field and cultivated it, and built houses upon it; that they lived upon it until some time prior to 1871, when they moved off and abandoned the land, and never thereafter actively asserted title or claim to it. From 1850 to 1880 the land was not rendered for taxes by any one; but in the year last named it was assessed as the property of an unknown owner, and in 1881 it was sold at tax sale and bought in by James Morgan, one of the ancestors of appellant's vendors. In 1909 appellant purchased the land from the heirs.

We have not stated the evidence with greater particularity for the reason that, in the view we take as to the law applicable, it is not necessary. We recognize the rule that prior possession is sufficient to authorize one connecting himself therewith to recover as against a trespasser or one showing no title. But, to authorize a recovery upon proof of prior possession alone, it is incumbent upon one who relies upon it to show that the possession was continuous, or at least that it was not abandoned. Wilson v. Palmer, 18 Tex. 592; Gray v. Thompson, 5 Tex. Civ. App. 32, 23 S. W. 926; Telegraph Co. v. Hearne, 7 Tex. Civ. App. 67, 26 S. W. 479; Sabariego v. Maverick, 124 U. S. 297, 8 Sup. Ct. 461, 31 L. Ed. 430. Here the court found, and the finding appears to have been warranted by the evidence, that the prior possession relied upon was abandoned before 1871, and that those who, prior to said date, held such possession, and those claiming under them, had not since then asserted any right or title to the land until the sale to appellant in 1909. We think that, under the authorities cited, appellant was not entitled to recover on the issue and proof of prior possession, even if the appellee was a trespasser. But it was not established that the appellee was a mere trespasser, but rather the contrary is indicated by an agreement of the parties introduced in evidence to the effect that the grantors, under whom appellee claims, were some of the heirs of Willis Donaho, the original patentee. To this may be added that there was no evidence to show that Willis Donaho ever parted with the title.

We think the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.