## STREET REALTY CO. v. BROWN. *
### (No. 7688.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 2, 1927. Rehearing Denied March 2, 1927.)

1. Trespass to try title ⬅⟶40(4)—Admitting only to identify location of land deed offered by defendant in trespass to try title, not complying with request to file abstract of title, held not error.

In trespass to try title, admitting in evidence deed offered by defendant not complying with request to file abstract of title was not error, in view of fact that field notes of deed described title to no land in controversy; it being used only to identify location of land on which building was situated, which it was claimed encroached on plaintiff's land.

2. Trespass to try title ⬅⟶7—Prior possession, justifying recovery against trespasser, must give title claimant exclusive dominion, and must have existed at entry.

Prior possession, justifying recovery against mere naked trespasser, must be so exclusive and clearly defined as to give title claimant exclusive dominion, and must have existed against trespasser at time of entry.

3. Trespass to try title ⬅⟶6(1)—Plaintiff must recover on strength of his own title, and not on weakness of his adversary's, except in cases of prior possession.

In trespass to try title, plaintiff must recover on strength of his own title, and not on weakness of his adversary's, except in cases of prior possession.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Trespass to try title by the Street Realty Company against C. Brown. From a judgment for defendant, plaintiff appeals. Affirmed.

Joe L. Hill, of San Antonio, for appellant.

Leonard Brown, of San Antonio, for appellee.

COBBS, J. This is an action of trespass to try title brought by appellant against appellee for the title and possession of a small strip of land alleged by plaintiff to be the northwest part of a certain lot No. A, block No. 1, of the George Dulnig subdivision of the Old Enderle tract. Appellee answered by general demurrer and plea of not guilty, and by trial amendment set up valuable improvements on the strip in controversy, and also pleaded estoppel. Upon a trial before the court, the court held that the strip on which the building owned by appellee encroached was not a part of the land sued for by appellant, that he did not show title or prior possession to the same, and was not entitled to recover, and judgment was rendered for the defendant.

This is a boundary suit, and presents issues of fact that were determined by the trial court against appellant.

The court filed the following findings of fact and conclusions of law:

"At the request of the plaintiff in the above entitled and numbered cause, I hereby file the following findings of fact and conclusions of law in said cause:

"(1) I find that the record title of the plaintiff is shown by three deeds offered in evidence; these deeds being as follows:

"(a) Deed from W. A. Shafer and Albert Hazlett to August Limburger, of date the 23d day of February, 1903, recorded in volume 219, page 26, Deed Records of Bexar county, Tex., conveying the following described property, to wit: All that certain tract or parcel of land lying and being in the county of Bexar and state of Texas, comprising lot A in block No. 1, of George Dulnig's subdivision of the Old Enderle place according to plat recorded in volume 105, p. 34, of the Records of Bexar county, and being the same conveyed by George Dulnig and wife to William Simpson on May 15, 1900, by deed recorded in volume 187, pp. 211–214, of the Bexar County Records, and by said Simpson and wife to Ed. B. Baxter on May 20, 1901, by deed recorded in volume 194, pp. 516–518, of the same records, and by said Baxter to W. A. Shafer by trust deed dated May 21, 1901, by instrument recorded in volume 198, pp. 69–71, of the same records, and by said Baxter to said Shafer by warranty deed dated June 20, 1902, recorded in volume 189, pp. 190–192, of same records, said deed being in satisfaction of said trust deed and being the same property levied on in attachment in cause No. 13649, entitled Albert Hazlett v. Ed. B. Baxter, in district court of the Fifty-Seventh judicial district of Texas. Said lot No. A has a front of about 65.7 feet on the east side of the San Juan or Asylum road, thence running back easterly for depth about

---

⬅⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction April 27, 1927.

783.33 feet between parallel lines. Said lot A is bounded on the north by Old Braden place, on the west by said· Asylum road. on the south by lots 1 and 4 to 15 same block.

"(b) Deed from August Limburger to Hall P. Street, of date the 14th day of October, 1907,. recorded in volume 273, on pages 360–362, Deed Records of Bexar county, Tex., conveying the following described property. to wit: All that certain tract or parcel of land lying and being in the county of Bexar and state of Texas, comprising lot A in block No. 1, of George Dulnig's subdivision of the Old Enderle place, according to plat recorded in volume 187, pp. 211–214, of the Bexar County Records, and by said Simpson and wife to Ed. Baxter, with same description as in above deed.

"(c) Deed from Alfred G. Ranney to Street Realty Company of date the 11th day of May, 1920, recorded in volume 652, p. 561, Deed Records of Bexar County, Texas, conveying lot A, in block No. 1, C. B. 4046, in the George Dulnig subdivision to the city of San Antonio, Bexar county, Tex.

"(2) I find that the plaintiff made no further showing of any record title other than by offering the three deeds above set out.

"(3) I find that said lot A is a lot fronting about 65.7 feet on South Presa street, and running back between parallel lines a distance of 783.33 feet.

"(4) I find that some time prior to 1909 a house was built on said lot A, and that about said time a fence enclosed all of said lot No. A.

"(5) I find that said house was occupied during the year 1911, but that prior to the year 1916 it had not been occupied for some period of time and allowed to become dilapidated, and that during the year 1917 Hall P. Street moved in said house, repaired the same, and continued to occupy it as his home for a period of about 18 months or two years; that, after the said Street abandoned said house, the same was occupied by tenants of the plaintiff up to the time of the filing of this suit.

"(6) I find that, since the year 1914, the fence surrounding said lot A has been broken down in many places, and no effort made to repair it, and that for several years the fence has been entirely down on the north and east sides.

"(7) I find that on the 6th day of March, 1922, Paul Steffler executed and delivered to the defendant, C. Brown, a warranty deed conveying to the said Brown all that certain lot or parcel of land situate in the county of Bexar and state of Texas, described as follows: Being the south (east) thirty-two (32) feet of lot No. one (1), block No. ten (10) in Temple Hill addition, section A, according to plat of said addition recorded in volume 368, p. 180, Deed and Plat Records of said county, the premises hereby conveyed fronting 37 feet on the southeast side of South Presa street, and running back between parallel lines to the east line of said lot.

"(8) I find that during the year 1921, a house was erected on said lot No. 1, described in said deed from Steffler to Brown, and that during the year 1922, after the purchase of said property by the defendant, Brown, he added another story to the rear part of said house.

"(9) I find that, at the time said house was built on said lot, there were stakes which had been set in the ground to show the south boundary line of said lot No. 1 described in said deed from Steffler to Brown, and that the south line of the building erected on said lot did not extend beyond or south of said stakes, and that at said time there were posts in the ground showing where the north line of the fence on said lot A had been, and that said old fence line was several feet south of the south line of said building on said lot No. 1.

"(10) I find that the strip immediately south of said lot No. 1 has been used as an alley or passage way for several years before the filing of this suit.

"(11) I find that the real issue in this cause is one of boundary, and that neither party has by their pleadings set out the description of any boundary line which would enable the court to enter judgment fixing the same. I also find that there is a vacant space of several feet existing between the property owned by the plaintiff and that now in the possession of the defendant.

"(12) I find· that, by an actual survey, the building constructed on said lot No. 1 extended a distance of approximately 9 inches south and beyond the south limit of said lot No. 1, and that the eaves of the roof of said building extended a distance of approximately 3 feet south of the south boundary line of said lot No. 1.

"(13) I find that that part of said building, including the eaves of the roof extending south of said lot No. 1, did not encroach upon any part of said lot No. A.

"(14) I find that the north line of said lot No. A was the old fence which had formerly been ·along said north line, and that said old fence line was approximately eight feet south of the south line of said Lot No. 1.

"(15) I find that there had been no prior possession by the plaintiff or any person through whom it claimed the property north of said old fence line, and that the plaintiff did not show any prior possession, use, or occupancy of the land on which said building extended or encroached south of said lot No. 1.

"(16) I find that the building on said lot No. 1 occupies the entire frontage of said lot No. 1.

### "Conclusions of Law.

"I conclude that the plaintiff has not shown any title, record, or limitation, or any prior possession to the property on which the building of the defendant encroaches, and that therefore the plaintiff is not entitled to recover said property extending south of said lot No. 1 on which said building of the defendant is located; said property being the same as described in finding of fact No. 12; and that, since the plaintiff has not in his pleadings described such portion of the premises sued for as the evidence shows himself entitled to recover, the judgment should be without prejudice to the plaintiff's title to that part of the property sued for, which is not in the possession of the defendant, as aforesaid."

A careful examination and consideration of the facts introduced in evidence show that they support the findings and judgment of the court. Indeed, the findings are unusually full and supported by ·the testimony introduced, and, by adopting them, it is unnecessary for us to set them out further.

Appellant showed neither a record title, nor title acquired by possession, such as

would hold against a trespasser, and especially against one having an honest claim under a title.

[1] No error was committed by the trial court in admitting in evidence the deed offered by the appellee, showing title to the land on which his building was situated, notwithstanding he had been requested to file an abstract of title and failed to do so, since the field notes of the deed describe title to no land in controversy; it being used merely and only to identify the location of the land upon which the building was situated, which it was claimed encroached upon appellant's land, and to show its dimensions. It was harmless anyway.

[2, 3] The prior possession which justifies a recovery against a mere naked trespasser must be so exclusive and clearly defined as to give the claimant exclusive dominion over the property, and must have existed against a trespasser at the time of the entry. The plaintiff must recover on the strength of his own title, and not on the weakness of his adversary's title. This is the universal and fixed rule founded on common sense and justice that has existed from "whereof the memory of man runneth not to the contrary," and know but of one exception, and that is in cases of prior possession as stated.

So then upon the issues, both as to title and the possession, the court found against appellant upon sufficient probative evidence.

We find no error in the ruling of the court, properly assigned, and the judgment of the trial court is affirmed.