### BYERS et al. v. CHRISTIAN et al.
### No. 3234.

Court of Civil Appeals of Texas. El Paso. Oct. 24, 1935.

Warren & Warren, of Tyler, for appellants.

Weeks, Hankerson & Potter, of Tyler, for appellees Randall and others.

Edward H. Chandler, of Tulsa, Okl., Paul A. McDermott and Hardwicke, Brelsford & Cheek, all of Fort Worth, for appellees Sinclair Prairie Oil Marketing Co. and others.

H. P. Smead, of Longview, for appellees Dorfman and others.

Brachfield & Wolfe and Victor A. Smith, all of Henderson, T. J. Arnold, W. W. Moore, J. C. Wilhoit, Geo. D. Sears, Williams, Lee, Sears & Kennerly, J. J. Lee, and T. E. Kennerly, all of Houston, for appellees A. D. Roberts and others.

HIGGINS, Justice.

This is a suit by Asa and W. H. Byers against C. E. Christian, Bell Reed, and others to recover a 100-acre tract of land out of a 640-acre survey in Rusk county, patented to R. W. Smith.

Upon the close of plaintiffs' evidence, defendants moved for an instructed verdict which was granted.

The plaintiffs claim as children and only heirs of their mother, Sallie, who was three times married. The plaintiffs are the issue of her first marriage. After the death of her first husband, she married A. J. (Andy) Reed, who later died. She then married one Estis. Reed had several children by a former marriage, one of whom was Bell Reed. In this opinion the mother of plaintiffs will be referred to as Mrs. Reed.

Briefly stated, the evidence offered by plaintiffs and admitted shows the following:

Patent to R. W. Smith dated March 3, 1848.

A partition decree dated August 5, 1890, rendered by the district court of Rusk county approving the report of commissioners of partition in a suit entitled Ellen Reed, Guard. v. Sallie B. Reed, making such report the judgment of the court.

The report, which is copied in the decree, shows the 100 acres in controversy was set aside to Sallie B. Reed, and 112 adjoining acres of the Smith survey was set aside to the guardian. The judgment decreed that all of the right, title, and interest of the defendant Sallie B. Reed in and to the land set aside to Bell Reed, minor, be divested out of Sallie B. Reed and vested in Bell Reed, minor; and all the right, title, and interest of Bell Reed, minor, in and to the land set apart to Sallie B. Reed be divested out of Bell Reed, minor, and his guardian, Ellen B. Reed, and vested in said Sallie Reed.

All of the original papers in the suit were lost and no evidence of their contents was offered.

Andy Reed died in 1887.

Mrs. Reed died in 1922. She moved on the land when she married Reed. The date she married him is not shown. She lived upon the land until December, 1899, when she moved away and was not thereafter in possession. During her occupancy, there were three houses on the land, it was fenced and had an orchard. Some of the land was in cultivation during her occupancy.

Asa Byers did not testify. It was shown by W. H. Byers that Andy Reed owned or claimed all of the land before he knew him; he knew of no one else claiming the land.

"Q. Andy Reed owned all of this land before you knew him, didn't he? A. Yes, sir. * * *

"Q. Did Andy Reed claim all of this land before you moved there? A. I think he did.

"Q. Before—when you first knew him, for the first few years after you knew Andy Reed, did you know of anybody else claiming this particular land but Andy Reed? A. No, sir."

Marthy Walker, a niece of Mrs. Reed, testified Mrs. Reed lived on the land a good many years; just how long she did not know; Mrs. Reed moved away about Christmas, 1899. During the time Mrs. Reed lived upon the land she claimed it as her own. She did not know Reed. Mrs. Reed continued to claim the land as her own after leaving it.

W. P. Walker, husband of Marthy Walker, testified that after he married his wife, which was in August, 1902, Mrs. Reed offered to deed the land to his wife and himself, if they would go on the place with her; she wanted some one on the place to keep up the same and the graveyard on it. Mrs. Reed said no one had any other interest in it.

"Q. In those conversations, didn't she say that she was left a homestead there by A. J. Reed, that is where she got it? A. How is that?

"Q. Didn't she say in those conversations the way she got it was her homestead rights from A. J. Reed? A. No, sir.

"Q. You don't know how she got it? A. She married A. J. Reed.

"Q. And A. J. Reed had this property when he married her? A. I suppose so.

"Q. Didn't she tell you that? A. Well, I declare, I don't know for sure, I think she did.

"Q. She never did claim that A. J. Reed had delivered deed—that A. J. Reed ever deeded it to her? A. No, sir, I never heard her say that.

"Q. The only way she claimed it was on account of her having married A. J. Reed? A. I think that is the way, I am not for sure."

The date the suit was filed does not appear, but it must have been later than January 1, 1931.

No error is assigned to rulings upon evidence and the statement made of the evidence is based upon that admitted. The only error assigned is to the action of the court in peremptorily charging in favor of defendants. In that connection appellants invoke the well-known rule that prior possession raises a presumption of title in favor of the possessor and is sufficient evidence of title to maintain an action of trespass to try title against a trespasser.

The rule is one of evidence merely. The evidence shows Mrs. Reed voluntarily abandoned possession of the land at least thirty years before the suit was filed.

Under such circumstances, it has been often held that such prior possession alone is insufficient to support recovery. Wilson v. Palmer, 18 Tex. 592; Conn v. Marshburn (Tex. Civ. App.) 169 S. W. 1113; Romine v. Littlejohn (Tex. Civ. App.) 106 S. W. 439; Adels v. Joseph (Tex. Civ. App.) 148 S. W. 1154; Sabariego v. Maverick, 124 U. S. 261, 297, 8 S. Ct. 461, 31 L. Ed. 430.

Furthermore, W. H. Byers' own testimony shows Andy Reed owned or claimed the land before he married plaintiff's mother and that her only claim to the land was by virtue of her marriage to Reed. Mrs. Reed, therefore, appears to have inherited from Andy Reed an estate for life in one-third of the land (article 2571 R. S.) and a homestead right. She is thus affirmatively shown to have been rightfully in possession, but as a life tenant only.

In view of Mrs. Reed's long and continued abandonment of possession and the evidence that the land was owned or claimed by Reed before he married plain-

**316**

tiff's mother, we are of the opinion the evidence of her prior possession alone is insufficient to sustain the suit and the peremptory charge proper as to all of the defendants except Bell Reed. See authorities above cited.

As to the last-named defendant, the situation is different.

The partition decree vested in Mrs. Reed whatever title Bell Reed may have had to the land as fully and effectually as a full warranty deed from him could have done. Article 6100, R. S.

In this connection appellees invoke article 6098, R. S., but such article has no application to the decree in this case. The decree is the usual one in the partition of undivided interests owned in fee. The pleadings in the case are not in evidence and it must be presumed they support the decree rendered divesting out of Bell Reed all of his title to the land and vesting same in Sallie Reed.

Possibly the pleadings did not support the decree, but as to that the record is silent.

Subsequent to the perfection of the appeal, appellants compromised with some of the appellees and upon motions the appeal as to said appellees has been dismissed or affirmed and orders to that effect heretofore made by this court.

As to said appellees, the judgment is not disturbed; as to Bell Reed, the judgment is reversed and the cause remanded; and, as to the other appellees, the judgment is affirmed.