**RUTLEDGE et al. v. MITCHELL et al.**

No. 8158.

Court of Civil Appeals of Texas. Austin.

Feb. 19, 1936.

Rehearing Denied March 11, 1936.

Thos. J. Saunders, of San Antonio, and R. E. McKie, and Tom G. Oliver, Jr., both of San Marcos, for appellants.

Geo. W. Edwards, of San Marcos, for appellees.

McCLENDON, Chief Justice.

This is a suit in trespass to try title, involving a 5½-acre tract of land in Hays county. The judgment was in favor of plaintiffs (appellees), upon a directed verdict. Defendants (other than those disclaiming) have appealed. For convenience we will designate the parties as in the court below.

Plaintiffs are children and heirs at law of Pinkie (Mitchell) Gray, who died intestate in 1930. Pinkie married George Gray in 1914, plaintiffs being Pinkie's children by a former union. The property was set aside to Pinkie in 1926, in a partition presumably of the estate of George, who died in 1915.

It is alleged in the petition that George was owner of the property, but there is no evidence of such ownership other than the testimony of one of the witnesses to that effect. The issue being one of title, this testimony had no probative force. Henry v. Phillips, 105 Tex. 459, 151 S.W. 533; Gilbert v. Odum, 69 Tex. 670, 673, 7 S.W. 510; Webb v. Reynolds (Tex.Com.App.) 207 S.W. 914.

It is also alleged that: Defendant Rutledge is claiming under a deed from the administrator of Pinkie Gray; defendant Roger's interest is by virtue of a note secured by vendor's lien retained in said deed; which deed and lien are void by reason of the fact that the property was the homestead of Pinkie and not subject to sale for her debts. There is, however, no evidence whatever of such deed or claim, and consequently no proof of common source of title. See R.C.S. art. 7382, and annotations thereunder in Vernon's Annotation, vol. 20.

The only proof of title in plaintiffs or in George or Pinkie is evidence of former possession, which is in substance as follows: Shortly after their marriage George and Pinkie moved on the property, occupying it as their homestead until George's death. Pinkie and some of her children continued to occupy it until the house on

it, in which they lived, burned. Some of the witnesses testified that this occurred in 1925. One of plaintiffs' witnesses, who lived across the road from the property, testified that there was no house on the property as early as 1922 or 1923. There was also testimony to the effect that Pinkie lived on the property in a tent for a short time after the house burned, when she moved into San Marcos on account of her health. There is no evidence of any character of possession since 1926, other than that to the effect that shortly after she moved to town Pinkie had a foundation dug for the purpose of erecting a rock house; and in December, 1929, she employed a carpenter at $25 a week to erect a frame house. The carpenter worked two weeks, and was paid for one week's work. Pinkie became ill about this time, and was taken to a hospital in San Antonio, where she died shortly thereafter. No character of possession or exercise of dominion over the property was shown after Pinkie's death. When or under what circumstances Rutledge took possession is not shown. The suit was filed July 19, 1933.

The authorities in this state do not seem to be in complete accord, at least in their expressions of view, upon the issue whether plaintiff's prior possession as prima facie evidence of title must continue up to the very time of entry of the defendant, in whom no title is shown. For example, it was said in Beason v. Williams (Tex.Civ. App.) 229 S.W. 963, 964 (error dismissed for want of jurisdiction): "We do not understand the authorities to hold that prior possession, to support a recovery against a mere trespasser must necessarily have been 'continuous up to and concurrent with the alleged unlawful entry.'" The judgment in that case was, however, upheld upon the theory that the defendant had entered as tenant of plaintiff and was therefore estopped to assert title in himself. The quoted expression may therefore be regarded as dictum.

On the other hand, note the following from Street Realty Co. v. Brown (Tex. Civ.App.) 291 S.W. 580, 582 (error dismissed for want of jurisdiction): "The prior possession which justifies a recovery against a mere naked trespasser must be so exclusive and clearly defined as to give the claimant exclusive dominion over the property, and must have existed against a trespasser at the time of the entry."

We think it unnecessary to give a general review of the cases upon this subject. It is at least definitely settled that a remote or abandoned possession is not sufficient. Byers v. Christian (Tex.Civ. App.) 87 S.W.(2d) 314, and authorities there cited. See also, in this connection, Conn v. Marshburn (Tex.Civ.App.) 169 S.W. 1113. The evidence in the case at bar was not of that conclusive character, in any event, as would warrant a directed verdict in favor of plaintiffs. The testimony supporting the claim of prior possession all came from plaintiffs' witnesses, who were interested in the result of the suit. The case apparently has not been fully developed, and any attempt to lay down a rule for guidance on another trial would hardly be profitable.

Appellees strenuously urge that the homestead character of the property was conclusively proved, and its abandonment as such was not shown. For our present purposes this may be conceded. The homestead estate, however, is dependent upon some title or interest in the property. It does not exist as a separate estate in the property, independently of such title or interest. See 22 Tex.Jur. p. 236 et seq. Its continued existence is not dependent upon a continuity of occupancy, but upon the intention of its holder, upon moving off the property. Lapse of time, however extended, will not alone constitute abandonment. Prior possession as prima facie evidence of title, however, rests upon a wholly different basis, namely, actual occupancy or possession. Mere constructive possession, which is presumed in favor of the true owner of property, is not sufficient.

As to the disclaiming defendants (none of whom has appealed), the trial court's judgment is undisturbed. As to appellants (Rutledge and Rogers), the trial court's judgment is reversed and the cause remanded.

Undisturbed in part, and in part reversed and remanded.