### NOBLE v. COOKE et al.

No. 6589.

Court of Civil Appeals of Texas.
Texarkana.

Nov. 27, 1952.

Rehearing Denied Jan. 1, 1953.

Fred O. Jaye and E. B. Lewis, Center, for appellant.

Thompson, Knight, Wright, Weisberg & Simmons, Marshall Newcomb and Thomas Gormley, Dallas, Lasseter, Spruiell, Lowry, Potter & Lasater and Charles F. Potter, Tyler, Abney, Abney & Baldwin and Cary M. Abney, Marshall, Long & Strong and J. G. Strong, Carthage, J. T. Harris, Longview, Wynne & Wynne, Angus G. Wynne, Bedford S. Wynne and William A. McKenzie, Dallas, Philip Brin, Longview, for appellees.

LINCOLN, Justice.

Appellant brought this suit in trespass to try title to 61.17 acres of land in the Antoine DuBoise, Sr., Survey, in Panola County, said tract being a part of Subdivision No. 4, containing 130 acres. The parties will be designated as in the trial court. On special issues submitted by the court the jury found:

(1) In favor of the plaintiff under the statute of limitation of three years.

(2) Against the plaintiff under the statute of limitation of five years.

(3) In favor of the plaintiff under the statute of limitation of twenty-five years.

(4) Mary G. Vawter and husband, John M. Vawter, plaintiff's predecessors in title, did not use, occupy, cultivate or enjoy the land in controversy or any part thereof prior to the year 1917.

(5) The plaintiff knew or should have known that defendants or either of them were claiming the land or an interest therein adversely to him.

(6) In favor of defendant J. W. Cooke under the statute of limitation of ten years.

(7) In favor of defendant R. Lacy and those defendants holding under him under the statute of limitation of five years after March 3, 1945, and prior to July 5, 1950, as to the oil, gas and mineral estate in the land in controversy.

(8) In favor of defendants Ann Lacy Crain and Patsy Lacy Griffith and other defendants holding under them under the statute of limitation of five years after March 3, 1945, and prior to July 5, 1950, as to the undivided royalty interest in the oil and gas in and under the land in controversy.

At conclusion of the evidence the plaintiff moved for judgment on the verdict of the jury on special issues Nos. 1 and 3, above, and for judgment notwithstanding the verdict on other issues. The defendants moved for judgment notwithstanding the verdict on special issues Nos. 1 and 3, and for judgment on the verdict on the remaining issues. The court denied the plaintiff's motion and granted the motions of the defendants. Judgment was rendered that plaintiff take nothing, and the title of defendants was quieted.

Appellant presents some sixteen points of error to the action of the court in entering judgment for the defendants. The larger part of them are concerned with the issues of limitation involved. The principal question raised by the appeal concerns the contention that even though the evidence

might be held sufficient to support the verdict of the jury in response to special issues Nos. 1 and 3, yet the possession of the defendants was subsequent in point of time to that of the plaintiff and his predecessors in title and the adverse possession proved was sufficient to support the verdict of the jury in response to all the special issues other than 1 and 3; in other words, the prior possession, if any, in plaintiff's chain of title was overcome and destroyed by the defendants' subsequent and adverse possession. It is our opinion that the plaintiff did not make sufficient proof of an unbroken chain of title from the sovereignty of the soil to support the verdict under special issue No. 1, nor possession under his claim of title so as to support the verdict of the jury on special issue No. 3. However, we will not discuss such evidence because we believe the controlling question is that which we have already stated.

The evidence of adverse possession by the plaintiff and those under whom he claimed was meager, but such possession as was proved was confined to the period of time from 1882 to 1886. The evidence is entirely absent to show actionable adverse possession by the plaintiff and those whose title he holds subsequent to 1886. The evidence is without dispute that the possession of defendant Cooke began about 1916 or 1917 and continued until the date suit was filed, July 5, 1950. Whatever conflicts there were in the evidence, if any, as to the adverse possession of defendants were questions of fact for the jury, and they were resolved in favor of the defendants. It would unreasonably extend this opinion to set out the evidence in support of such verdict. "A careful examination of the facts authorizes the conclusion that we cannot disturb the judgment on the ground that it is without evidence to sustain it." Parker v. Newberry, 83 Tex. 428, 18 S.W. 815, 816. That statement is applicable to the jury's verdict on all the special issues other than Nos. 1 and 3.

It is well settled by the decisions of this state that any title acquired by plaintiff, either by record or by adverse possession, may be superseded by the defendants' subsequent adverse possession. In Lion Oil Refining Company v. White, Tex. Civ.App., 138 S.W.2d 290, 292, Chief Justice Johnson of this Court said: "We think the evidence conclusively shows that Ben White acquired title to the ten acres by his adverse possession from 1900 to 1917, and that he was divested of such title by the subsequent adverse possession from 1917 to 1932 of the appellants and their predecessors." This holding was affirmed by the Supreme Court, White v. Glengarry Oil Co., 137 Tex. 626, 156 S.W.2d 523.

Chief Justice Johnson again wrote upon this point in McMurrey Corporation v. Shell Oil Company, 173 S.W.2d 354, 356, error denied, as follows:

"Defendants' second point raises the contention that the trial court erred in its definition of the term 'adverse possession' as applicable to the testimony in this case under defendants' plea of 10-year limitation, and in overruling defendants' objection thereto. We do not decide the question as to whether or not the definition was correct, because an examination of the record in this case shows that the testimony authorizing submission of defendants' plea of 10-year limitation relates to a period prior in point of time to the 3-year period during which plaintiff claims to have acquired title under the 3-year statute of limitation. Therefore had the jury found that defendants had acquired title under the 10-year statute in answer to special issue No. 2, plaintiffs, notwithstanding such finding, would have been entitled to a judgment for the land upon the answer of the jury in answer to special issue No. 1 which was to the effect that plaintiff had subsequently acquired title under the 3-year statute. Expressed in other words, plaintiffs having acquired title under the 3-year statute subsequent in point of time to the period during which defendants acquired title under the 10-year statute, plaintiffs would be entitled to judgment. So, the error, if any, in the definition of adverse possession relating to defendants' plea of lim-

itation became immaterial, and we would not be authorized to reverse the case if such definition had been erroneous, because injury is shown not to have resulted to defendant."

■■ Prior possession is a mere rule of evidence. When one claiming under prior possession undertakes to connect the prior possession with the sovereignty of the soil he must do so by a good chain of title. A defect in his chain destroys the presumption of title in the prior possessor. McCarthy v. Houston Oil Co., Tex.Civ.App., 221 S.W. 307, Tex.Com.App., 245 S.W. 651; W. T. Carter & Bro. v. Rhoden, Tex.Civ.App., 72 S.W.2d 620, error dismissed.

As already stated, it is our opinion that the plaintiff's evidence was insufficient to show the chain of title necessary to justify his claim of title by limitation. There were two or three material breaks in that chain that were not overcome.

■■ Plaintiff was laboring under still another requirement in that the burden was upon him to show that his prior possession had not been abandoned at the time of Cooke's entry. In Romine v. Littlejohn, Tex.Civ.App., 106 S.W. 439, 441, it is said: "The proposition that prior possession is sufficient title to recover as against a trespasser is sound. But there is no testimony showing that when defendants entered they invaded anybody's possession. A remote or abandoned prior possession is not sufficient. It must be a possession shown to exist at the time of the entry." In Adels v. Joseph, Tex.Civ.App., 148 S.W. 1154, 1155, the Galveston Court said: "* * * where such a possession has been abandoned for a long time, it ceases to be sufficient evidence of a title against the subsequent possessor. Burroughs v. Farmer, Tex.Civ.App., 45 S.W. [846] 847." In the Burroughs case Justice Williams, later of the Supreme Court, said: "It is true that possession of land under a claim of right is prima facie evidence of title in the possessor. This rule of evidence is usually applied in cases where the possessor is ousted, and seeks, within a reasonable time, to recover the possession of which he had been deprived. Cases in this state in which the rule has been applied will be found cited in House v. Reavis, 89 Tex. [626] 630, 35 S.W. 1063. They are all cases in which the possession continued up to the time of the ouster, and there were no facts from which an abandonment of it could be inferred. * * * Where the possession has been clearly abandoned, it ceases to be sufficient evidence of title in an action in which the right of the possessor is subsequently brought in question." In Conn v. Marshburn, Tex.Civ.App., 169 S.W. 1113, error denied, the court said: "But, to authorize a recovery upon proof of prior possession alone, it is incumbent upon one who relies upon it to show that the possession was continuous, or at least that it was not abandoned." See Saxton v. Corbett, Tex. Civ.App., 122 S.W. 75, error refused.

■ Since there was no jury finding and no request for issue to be submitted as to whether or not the prior possession relied on by plaintiff had been abandoned, the judgment of the court involves a finding of abandonment prior to the entry of the defendants, and the evidence supports such finding. We therefore conclude that the court did not err in entering judgment for the defendants insofar as such judgment rested upon the matters which we have discussed, and appellant's points raising such issues are overruled.

The foregoing disposes of the main points raised on this appeal. We have examined and considered all other points raised, but find that they do not present errors calling for a reversal of the judgment, and they are overruled.

The judgment of the district court is in all things affirmed.