Hermelinda **BALLI**, Individually and as Survivor in Community of Ysidro Balli, Deceased, et al., Appellants,

v.

**J. S. McMANUS et al., Appellees.**

No. 13260.

Court of Civil Appeals of Texas.

San Antonio.

March 5, 1958.

Magus F. Smith, R. M. Bounds, Mc-Allen, Walter G. Weaver, Allyn Zollicoffer, Donna, for appellants.

Strickland, Wilkins, Hall & Mills, Edmon G. Hall, Mission, for appellees.

POPE, Justice.

This is a suit for trespass to try title to a sixty-acre banco on the United States side of the Rio Grande River. The banco was created by an avulsive change in the river in 1924. Three groups of persons claim the property. Plaintiffs, the Balli

heirs, sued J. S. McManus, Alex Ramey and American Fruit Growers, Inc., whom we shall designate as defendants. The Balli heirs also sued the heirs of M. G. Rodriguez, who in turn filed a cross-action for the property. After the Balli heirs presented their evidence, both the defendants and cross-plaintiffs moved for an instructed verdict against them, and the court granted their motions. Then the Rodriguez cross-plaintiffs presented their evidence, and the defendants moved for an instructed verdict against them, and the court granted it. Hence defendants defeated both claims and obtained judgment. The Balli heirs, as plaintiffs, and the Rodriguez heirs, as cross-plaintiffs, have appealed from the judgment in favor of defendants. We shall discuss these appeals separately.

Balli heirs complain that the court should not have instructed a verdict against them, since they proved adverse possession for a period of ten years. They produced witnesses to prove adverse possession for a ten-year period between 1922 and 1934. Several witnesses testified that the banco in question was occupied by a succession of persons who were tenants of Balli. Those tenants were, Francisco Cavasos, Isabel Cabrera, Cruz Garcia, Candelario Nieto, Juan Trevino, Gumecindo Yfarro, Juan Gonzales, Francisco Cortinez, Atilano Pina, Alejandro Salinas, Gregorio Ybarro, a Mr. Hooks, Joe Holloway, and Tom Hester. Commencing about 1922 or 1923, Francisco Cavasos was occupying the land. Who followed him is not clear, but at some time Isabel Cabrera occupied the land. He testified that when he entered, he saw nobody on the land and saw nothing to show that anybody had been there. He farmed only five or six acres of the sixty-acre tract. Francisco Cortinez was on the land in 1927, 1928 and part of 1929. He testified that he destroyed some of the fences. In 1929, or early in 1930, he abandoned the land, and there is a gap in the continuous possession from that time until Atilano Pina occupied the land in

1932. This is an unexplained lapse of two years. Atilano Pina, about 1932, occupied the land. Instead of occupancy during the full year of 1932 that the Balli heirs endeavored to prove, Pina testified he was there only four months out of that year. When he entered there was no fence, so he put wire on some posts, and when he left he removed his wire.

■ The evidence fails to reveal the order in which several of the tenants occupied the land, the dates they commenced and ended their tenancy, and the fence was down part of the time. Sometimes there were other persons occupying the land with these persons. The claim by the Balli heirs to ten years of adverse possession failed, because they were unable to prove continuous possession during the ten years. The evidence shows gaps of such duration that there was not continuity as a matter of law. The burden is on the claimant to prove continuity. Dunn v. Taylor, 102 Tex. 80, 113 S.W. 265; Woods v. Hull, 90 Tex. 228, 38 S.W. 165; Phillipson v. Flynn, 83 Tex. 580, 584, 19 S.W. 136.

■ Cross-plaintiffs, the Rodriguez heirs, also relied upon limitations, and primarily upon the period of ten years from 1913 to 1923. The trial court also instructed a verdict that they failed to raise an issue of fact on limitations. In this the court erred. Cross-plaintiffs proved that the Rio Grande River cut off the banco on the American side of the river during a flood in 1924. Before the river cut off the banco, it was a part of the Retamal Ranch on the Mexican side of the river. Catarino Regino was the tenant in possession. He testified that he was in possession from 1913, as the tenant of Mamiliano Rodriguez, who was the father and husband of cross-plaintiffs, and the owner of the Retamal Ranch, and further testified that he remained in possession of the land from 1913 until the creation of the banco in 1924. During that time the land was fenced on three sides and the river was the boundary on the other side. During

this period of eleven years, the tenant stated he farmed and ran stock on the land. On the afternoon before the cut-off, he drove his livestock from the land surrounded by the loop in the river, since he feared the river would cut off the land and leave it on the north or opposite side of the river. That night the river did cut through, as he had expected. This was evidence of possession for an eleven-year period by a tenant holding under the Rodriguez family. The court should not have instructed a verdict against cross-plaintiffs in the face of this proof.

■ Cross-plaintiffs also endeavored to prove another ten-year period subsequent to 1923. They relied upon the same tenants that the Balli heirs had relied upon, but claimed that those persons were tenants under Rodriguez rather than under Balli. Cross-plaintiffs moved for an instructed verdict against the Balli claim because of the gaps in the continuity of possession between 1923 and 1933. That motion was sustained, and those gaps are just as controlling when cross-plaintiffs claim limitation under the same tenants as those claimed by the Balli heirs. There is no greater continuity for cross-plaintiffs than there was for the Balli heirs for that period of time.

■ Cross-plaintiffs also relied upon proof of prior possession, but the trial court instructed a verdict against them, since they did not prove they were in actual possession at the time of the entry by defendants J. S. McManus and Alex Ramey. Cross-plaintiffs undertook to show unabandoned recent prior possession. They proved that from 1938 to 1944 they leased the banco to Tom Hester. Evidence shows that Hester continuously and exclusively occupied this property, and that he maintained a tenant and guard on the land, who kept all persons off the land, until sometime in 1944. The possession by Hester, the tenant of cross-plaintiffs, was the possession of cross-plaintiffs. Hester also owned some adjoining land. In 1945 he

conveyed his adjoining land to defendant McManus, but the deed expressly excepted the banco in suit. On cross-examination he acknowledged that his deed contained the exception, though apparently he had not earlier realized that fact. In other words, Hester, a former tenant of cross-plaintiffs, did not undertake to convey his former landlords' land, and his deed to McManus showed this fact. Sometime in 1945, defendant J. S. McManus entered upon the banco. In 1947, Ramey also entered upon the banco, which Hester had vacated in 1944. Since cross-plaintiffs had occupied the land for several years shortly before 1945, when defendants first entered, there was an issue of fact as to cross-plaintiffs' abandonment of prior possession, unless the law required cross-plaintiffs to maintain continuous possession up to the time of defendants' entry.

Defendants assert, and the trial court held, that a prior possessor must maintain continuous possession up to the time of the trespasser's entry. Cross-plaintiffs argue that they could claim under a relatively recent and unabandoned prior possession, though they were not in actual possession at the time of entry. A survey of the cases shows that they fall into rather clearly defined groups.

The simplest cases are those in which the prior possessor's possession is actually disturbed by another's entry. Mortimer v. Jackson, Tex.Com.App., 206 S.W. 510; House v. Reavis, 89 Tex. 626, 35 S.W. 1063; Duren v. Strong, 53 Tex. 379; Alexander v. Gilliam, 39 Tex. 227, 228; Austin v. Espuela Land & Cattle Co., Tex.Civ. App., 107 S.W. 1138; Mumme v. McCloskey, 28 Tex.Civ.App. 83, 66 S.W. 853. Because the facts of those cases were that actual possession was disturbed, it does not follow, as a corollary, that actual possession must be disturbed.

At the other pole, there are cases in which the proof demonstrated that the prior possession was very remote in time, or in which no other conclusion but aban-

donment was possible. Fifty years of non-possession was counted an abandonment. Bartee v. W. T. Carter & Bro., Tex.Civ.App., 100 S.W.2d 378. Voluntary abandonment thirty years before suit was filed was an abandonment. Byers v. Christian, Tex.Civ.App., 87 S.W.2d 314. One who had been out of possession from 1871 to 1909 was deemed to have abandoned the property. Conn v. Marshburn, Tex.Civ.App., 169 S.W. 1113. An abandonment of the property twenty years earlier would not support a claim of prior possession. Adels v. Joseph, Tex.Civ.App., 148 S.W. 1154. Lack of prior possession for a period of five years coupled with another forty-year delay in asserting the claim was treated as an abandonment as a matter of law. Burroughs v. Farmer, Tex.Civ.App., 45 S.W. 846. Absence of actual possession for such long periods of time may constitute abandonment as a matter of law, but it does not follow from those cases that an explained absence for a short period of time will also constitute an abandonment as a matter of law. On the other hand, a very short absence under circumstances by which the possessor clearly renounces any claim, or otherwise manifests an abandonment, may demonstrate an abandonment.

 Many cases fall between the extreme cases on one hand, where continuous possession is actually disturbed, and those on the other, where the prior possession was very remote in time. From these cases we deduce the true rules. A prior possessor may prove either that his possession was continuous up to the time of another's entry, or he may prove that his possession, though not continuous, was not abandoned. The early case of Wilson v. Palmer, 18 Tex. 592, stated the rule: "The evidence must show a continuous possession, or at least, that it was not abandoned * * *." Accord, Conn v. Marshburn, Tex.Civ.App., 169 S.W. 1113. Constructive possession will excuse actual possession. Watkins v. Smith, 91 Tex. 589, 45 S.W. 560. An explained tempora-

ry absence may excuse continuous possession. Kolb v. Bankhead, 18 Tex. 228, 229. Even an absence from 1813 to 1847, when pioneers were ousted by marauding Indians, was treated as non-abandonment, when there was a continuous, well-known claim to the land. Herndon v. Casiano, 7 Tex. 322. Though a claimant's tenant moved from improved land, when the claimant continued to pay taxes, assert title, and cut timber, there was no abandonment. Teagarden v. Patten, 48 Tex.Civ. App. 571, 107 S.W. 909. Possession which was interrupted by a claimant's death was not defeated by another person's later entry. Rutledge v. Mitchell, Tex.Civ.App., 91 S.W.2d 1135. An explained lack of continuous possession, therefore, may avoid the conclusion that the prior possession was abandoned. The sole fact that a claimant was out of possession when another entered does not defeat the claim of prior possession. Lockett v. Glen, Tex.Sup., 65 S.W. 482; Watkins v. Smith, 91 Tex. 589, 45 S.W. 560; Duren v. Strong, 53 Tex. 379; Wilson v. Palmer, 18 Tex. 592; Kolb v. Bankhead, 18 Tex. 228, 229; Herndon v. Casiano, 7 Tex. 322; Lindquist v. Sanford, Tex.Civ.App., 132 S.W.2d 279; Bartee v. W. T. Carter & Bro., Tex.Civ. App., 100 S.W.2d 378; Rutledge v. Mitchell, Tex.Civ.App., 91 S.W.2d 1135; Beason v. Williams, Tex.Civ.App., 229 S.W. 963; Robinson v. Randell, Tex.Civ.App., 211 S.W. 625; Saxton v. Corbett, Tex.Civ. App., 122 S.W. 75; Buie v. Penn, Tex.Civ. App., 172 S.W. 547; Beauchamp v. Williams, Tex.Civ.App., 115 S.W. 130; Teagarden v. Patten, 48 Tex.Civ.App. 571, 107 S.W. 909; Boyd v. Miller, 22 Tex. Civ.App. 165, 54 S.W. 411. But see, Street Realty Co. v. Brown, Tex.Civ.App., 291 S.W. 580; Romine v. Littlejohn, Tex. Civ.App., 106 S.W. 439.

 One who does not prove that his continuous possession was disturbed by another's entry has the burden to prove that he did not abandon his prior possession. Wilson v. Palmer, 18 Tex. 592; Noble v. Cooke, Tex.Civ.App., 253 S.W.2d 911;

Sabariego v. Maverick, 124 U.S. 261, 8 S. Ct. 461, 31 L.Ed. 430.

When the facts are disputed, the issue of abandonment of prior possession is a jury issue. Rutledge v. Mitchell, supra; Noble v. Cooke, supra; Saxton v. Corbett, supra.

Since the law did not compel continuous possession by cross-plaintiffs up to the time of an entry by defendants, and since there was some evidence of prior possession which was not abandoned, the issue of abandonment should have been submitted to the jury. There are other points, both by the Balli heirs and the cross-plaintiffs, but they are not decisive of the disposition of this appeal.

The judgment which denied recovery to the plaintiffs, the Balli heirs, is affirmed. The judgment which denied recovery to the cross-plaintiffs, the Rodriguez heirs, is reversed and the cause remanded.

Affirmed in part; reversed and remanded in part.