Corena GRANT et al., Appellants,

v.

Estelle TAYLOR et vir, Appellees.

No. 13292.

Court of Civil Appeals of Texas.

Houston.

Oct. 13, 1960.

Hay, Kirk & Baggett, Houston, Charles C. Baggett, Houston, of counsel, for appellants.

Lawrence Arnim, Houston, for appellees.

WERLEIN, Justice.

This is a trespass-to-try title suit brought by appellants, Corena Grant et al., against appellees, Estelle Taylor and husband, involving a tract of 41 acres in the Randolph Foster League in Fort Bend County, Texas. The 41 acre tract consists of a 29.6 acre tract and an adjoining 11.4 acre tract. There was no proof of common source or record title. Appellants' claim to the land is based upon prior possession. Appellee, Estelle Taylor, claims that a part of the 41 acres was left to her in the will of one Berry Moore, deceased. The case was tried to the court without a jury. The trial court entered judgment decreeing the 11.4 acre tract to appellants and the 29.6 acre tract to said appellee. Appellants have perfected their appeal as to the 29.6 acre tract. Appellees have not assigned error or appealed from the judgment of the court awarding appellants the 11.4 acre tract.

Appellants assert that the trial court erred in not finding as a matter of law that they are entitled to all of the property. They further complain that the court erred in admitting in evidence the will of Berry Moore, Deceased, over their objection, and in entering judgment for appellee to the 29.6 acre tract without any evidence of title or location of the land devised to her or of its identity with the tract sued for or any part thereof.

The trial court found that in the will of Berry E. Moore, which was probated on September 7, 1928, appellee, Estelle Taylor, was devised the 29.6 acre tract; that she had been the owner in fee simple thereof since such date, and that appellants had failed to prove that they had acquired title to said tract by adverse possession or limitation. The court concluded that appellants had no right, title or interest in said tract and that said appellee was the owner in fee simple thereof.

At the request of appellants, the court made additional findings of fact to the effect that Berry Moore died in Fort Bend County, Texas, where he resided, on July 9, 1928,

leaving a last will and testament dated September 19, 1925; that Estelle Taylor and her husband left Fort Bend County about 1936 and thereafter continuously resided in Harris County, Texas, and were so residing when this suit was filed on July 6, 1953. The court further found that appellants held exclusive possession of the lands in question from about 1943 continuously until about 1951 under a claim of ownership, and that they were dispossessed of such property by appellee, Estelle Taylor, or on her behalf by W. D. Cooper, to whom she leased the 29.6 acre tract, during the year 1951.

■ It is appellants' contention that they had prior possession of all the land for about eight years prior to their ouster. They brought suit in 1953 for recovery of the entire 41 acres. They assert that the court correctly found that they are entitled to the 11.4 acre tract under their claim of prior possession, but that the court erred in decreeing to appellee, Estelle Taylor, claiming under the will of Berry Moore, the 29.6 acre tract since the evidence of prior possession adduced by appellants applies equally to the two tracts. The law is well settled that "prior occupancy will enable a party to maintain the action of trespass to try title against a wrongdoer who has no title in himself." Alexander v. Gilliam, 1873, 39 Tex. 227; Pettis v. Achille, Tex.Civ.App. 1958, 313 S.W.2d 348, and authorities cited.

■ We have carefully examined the record in this case, and are of the opinion that the court's finding that appellants had exclusive possession of all the property involved in the suit from 1943 to 1951 continuously is supported by the evidence. The evidence also shows that after the death of Berry Moore in 1928, James Davis, appellants' ancestor, who was appointed executor in the Berry Moore will, took possession of the property and held the same until his death in 1942; that Estelle Taylor lived in Houston from 1935 to 1951; and that Rebecca Reed, the tenant of James Davis and, after his death, of the Davis heirs, lived on the land and grew crops thereon from 1937 to 1944, paying rent to James Davis and later to his heirs. One of the Davis heirs testified that she farmed the entire tract in 1932 and 1933 and 1936 and that from 1937 to 1951 Estelle Taylor was not on the land.

Much of the testimony is vague and indefinite with respect to the possession of the property in question by appellee, Estelle Taylor. She did testify, however, that after the death of Berry Moore in 1928 the "Davis people" claimed the property and took all the farm tools and many bushels of corn and a cultivator and everything available on the place; and that "he [James Davis] sold the horses we were using on the farm and the other place and I don't know what he did with the other things he took off the place." She also testified that she had the place in charge three years after she moved off, and that 1938 was the last time that she or her tenants or anyone else had possession of the property up until six years ago, although she had visited the place ten to twelve times.

■ Appellees contend that Estelle Taylor was in possession of the land from 1928 until she left in 1935 or 1936, and that through James Davis as executor of the estate of Berry Moore she had possession from 1938 to 1942, and that she had possession of the 29.6 acre tract prior to possession thereof by appellants. Since there is no evidence that at the time she left the property in 1935 or 1936 her possession was disturbed by another's entry, she had the burden of proving that she had not abandoned her prior possession, if such she had. Balli v. McManus, Tex.Civ.App., 311 S.W.2d 933, writ ref., n. r. e. Instead of basing its judgment upon prior possession of appellee, if any, and making some finding with respect thereto and the question of abandonment, the court found that Berry Moore devised the land to said appellee, and based its judgment upon such finding. In doing so, the court erred. There is no evidence that Berry Moore had title to the land or that the land devised in his will is

the land sued for by appellants. The court's judgment has no support in the evidence.

 We think appellants established prior possession not only to the 11.4 acre tract, but also the 29.6 acre tract, unless their claim to the latter tract is defeated by a showing of prior possession in Estelle Taylor. The court, however, made no finding with respect thereto or the question of abandonment thereof, or of any one or more elements of either prior possession or abandonment. Rule 299, Texas Rules of Civil Procedure. There is enough evidence, however, to raise fact issues both as to prior possession of the 29.6 acre tract and abandonment thereof by appellee. We have concluded, therefore, that the case has not been fully developed with respect to such issues and that the ends of justice will be best subserved by remanding the case for a new trial as to the 29.6 acre tract. Rule 434, T.R.C.P.; London Terrace v. McAlister, 142 Tex. 608, 180 S.W.2d 619.

That part of the judgment decreeing the 11.4 acre tract to appellants will remain undisturbed. The judgment decreeing the 29.6 acre tract to appellees is reversed and the cause remanded as to such tract.