## McMURREY CORPORATION et al. v. SHELL OIL CO., Inc.

### No. 6041.

Court of Civil Appeals of Texas. Texarkana.

May 13, 1943.

Rehearing Denied June 3, 1943.

Saye & Saye, of Longview, for appellants.

Brachfield & Wolfe, of Henderson, and R. H. Whilden and Barksdale Stevens, both of Houston, for appellee.

JOHNSON, Chief Justice.

Appellee, Shell Oil Company, Inc., plaintiff below, brought this suit in the

District Court of Rusk County against appellants, The McMurrey Company, M. H. McMurrey, T. P. Nash, H. B. Turner, W. R. Massey, C. C. Ashby, Claude D. Ashby and wife, Lessie Ashby, defendants below, in an action of trespass to try title to the ⅞ oil and gas leasehold estate in a .5-acre tract of land in the J. M. Pru Survey of Rusk County, and to recover the value of the oil produced therefrom by defendants. Plaintiff specially pleaded the 3, 5 and 10-year statutes of limitation (R.C. S.1925, Articles 5507, 5509, 5510). Defendants M. H. McMurrey and The McMurrey Corporation further pleaded that they had in good faith, believing they were the owners of the leasehold, entered upon the land and drilled a producing well thereon, and prayed in the event judgment should be entered against them for the leasehold and oil produced therefrom, that they be reimbursed for the development and operating expenses.

The cause was submitted to the jury upon two special issues. Special issue No. 1 inquired whether plaintiff and those under whom it claimed had been in peaceable and adverse possession for 3 years, to which the jury answered "Yes." Special issue No. 2 inquired whether defendants had been in peaceable and adverse possession for 10 years, to which the jury answered "No." Judgment was entered on the verdict for plaintiff for title and possession of the ⅞ leasehold interest in the land. The question as to whether the defendants M. H. McMurrey and The McMurrey Corporation had made the improvements in good faith in drilling the well and developing the property and were entitled to the expenses thereof as an offset or credit against plaintiff's claim for the value of the oil produced from the land, was withdrawn from the jury by consent of all the parties and submitted to the court. The court found that said defendants had made the improvements in good faith and allowed the expenses thereof as a credit against the value of the oil produced by them and awarded plaintiff judgment for the difference, amounting to $2,742.64. The defendant appealed from that part of the judgment awarding title and possession of the leasehold and value of the oil to plaintiff; and plaintiff has appealed from that part of the judgment allowing defendants credit for the development and operating expenses. The parties will be referred to as they were aligned in the trial court, plaintiff and defendants.

■ Defendants' first point raises the contention that plaintiff is estopped to assert title to the leasehold here involved, by reason of "the findings of fact, judgments, and decrees" in a Rule 37 case tried in the 53rd District Court of Travis County, appealed to the 3rd Court of Civil Appeals, and an application for writ of error to the Supreme Court dismissed for want of jurisdiction. This point is not sustained. The record shows that the Railroad Commission of Texas granted T. P. Nash and H. B. Turner, under whom defendants claim title, a permit to drill a well on the .5-acre tract of land here involved. The Shell Petroleum Corporation, whose name has since been changed to Shell Oil Company, Inc., and others, filed a statutory appeal, as authorized by Article 6049c, Vernon's Civil Statutes, in the 53rd District Court of Travis County, seeking to have the order of the Railroad Commission granting the permit set aside, and for injunctive relief. One of the alleged grounds in said Rule 37 case on which it was sought to have said order of the Railroad Commission set aside asserted that the title to said land was "in bona fide dispute * * * and is claimed in good faith by plaintiff, Shell Petroleum Corporation." The petition further alleged "that this suit is instituted and prosecuted as an appeal from the order of the Railroad Commission of Texas." The prayer was that the order of the Railroad Commission granting the permit "be set aside and adjudged to be wholly null and void." There was no prayer for any adjudication of the title nor for damages as in an action of trespass to try title. The answer of permittees, Nash and Turner, in said Rule 37 case contained a general denial and a plea of 10-year limitation. Trial of said Rule 37 case before the court without a jury resulted in a judgment "that the order issued by the Railroad Commission" granting said permit "be and the same is hereby set aside and adjudged to be wholly null and void" and the permittees, Turner and Nash, were enjoined from drilling the well. The permittees and the Railroad Commission appealed to the Court of Civil Appeals at Austin. In the Court of Civil Appeals the judgment of the trial court was reversed and judgment rendered in favor of the appellants, sustaining the order of the Railroad Commission granting the permit. Nash v. Shell Pet. Corp., 120 S.W.2d 522. Application for writ of error to the Supreme Court was dismissed

for want of jurisdiction. Bearing on the question raised in the present suit, as to whether the issue of title was finally adjudicated in that case, the Court of Civil Appeals said: "The question of title to the tract of land, permit to drill upon which is involved in this suit, was not put in issue in the trial court or in this court. Consequently our judgment and opinion cannot be construed as an adjudication of title. The only issue involved was the validity of the Commission's order." 120 S.W.2d 522-525. The pleadings and entire proceedings in said Rule 37 case were introduced by defendants in the present trespass to try title suit. We agree with the construction placed upon the pleadings in that case by the Austin Court of Civil Appeals, as not invoking the jurisdiction of the court to finally adjudicate the title to the land, and so, notwithstanding the fact that Shell Petroleum Corporation in attacking the validity of the order of the Railroad Commission alleged that it was in good faith claiming title to the land, and that there was a bona fide dispute as to the title. Expressed in other words, that suit was not an action of trespass to try title and a Rule 37 case consolidated or combined. It was simply a Rule 37 case attacking the validity of the order of the Railroad Commission as provided by Article 6049c, sec. 8, Vernon's Civil Statutes. Therefore the findings, judgments and decrees in said Rule 37 case do not, as contended, operate as estoppel or res adjudicata as to the issue of title to the land. The function of the Rule 37 case was to test the validity of the order of the Railroad Commission attacked. The issue to be determined in such a case is stated and fully explained in Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022. The judgment in the Rule 37 case is not a final adjudication of title, and the proceedings do not operate in favor of or against either party in a subsequent action of trespass to try title to the land. Magnolia Petroleum Co. v. Railroad Commission, Tex.Sup., 170 S.W. 2d 189, decided March 31, 1943, not yet reported [in State Report].

■ Defendants' second point raises the contention that the trial court erred in its definition of the term "adverse possession" as applicable to the testimony in this case under defendants' plea of 10-year limitation, and in overruling defendants' objection thereto. We do not decide the question as to whether or not the definition was correct, because an examination of the record in this case shows that the testimony authorizing submission of defendants' plea of 10-year limitation relates to a period prior in point of time to the 3-year period during which plaintiff claims to have acquired title under the 3-year statute of limitation. Therefore had the jury found that defendants had acquired title under the 10-year statute in answer to special issue No. 2, plaintiffs, notwithstanding such finding, would have been entitled to a judgment for the land upon the answer of the jury in answer to special issue No. 1 which was to the effect that plaintiff had subsequently acquired title under the 3-year statute. Expressed in other words, plaintiffs having acquired title under the 3-year statute subsequent in point of time to the period during which defendants acquired title under the 10-year statute, plaintiffs would be entitled to judgment. So, the error, if any, in the definition of adverse possession relating to defendants' plea of limitation became immaterial, and we would not be authorized to reverse the case if such definition had been erroneous, because injury is shown not to have resulted to defendant. Rule 437, Texas R.C.P.

■ Defendants' Point 3 complains of the rulings of the court in permitting plaintiff to introduce in evidence certain mineral deeds executed by defendants' witness Harvey Brooks, who was plaintiff's lessor, and in not instructing the jury that such instruments could be considered by them only for the purpose of impeaching Harvey Brooks. The defendants have failed to point out, and upon examination of the record we have been unable to see, where defendants could have been prejudiced by the rulings complained of. The point is overruled.

■ Plaintiffs contend that the trial court erred in holding that defendants, the McMurrey Corporation and M. H. McMurrey, acted in good faith in developing the land. The trial court found that said defendants "in entering upon said tract of land and drilling the well referred to hereinabove, and producing oil from it, were acting in good faith and under a bona fide belief that they were the owners of the tract of land involved in this controversy, with a right to enter upon it and to exploit it for the production of oil and gas. In performing said acts, they were what are

generally termed 'good faith trespassers'." The issue here was one of facts, and the findings of the trial court are well supported in the evidence. The record warrants the conclusion that defendants had both an honest and a reasonable belief in the superiority of their title. Gulf Production Co. v. Baton, Tex.Civ.App., 108 S.W.2d 960, writ refused.

The judgment of the trial court is affirmed.